338 So.2d 785 (1976)
Lewis Etienne ALEMAN
v.
LIONEL F. FAVRET CO., INC. and Employers Casualty Co.
No. 7714.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
Rehearing Denied November 16, 1976.
*786 Robert McComiskey, New Orleans, for plaintiff-appellee.
Hammett, Leake, Hammett, Hulse & Nelson, W. Paul Anderson, New Orleans, for defendants-appellants.
Before GULOTTA, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Defendants, Lionel F. Favret Company, Inc. and American Employers Insurance Company, appeal a district court finding of total and permanent disability on behalf of plaintiff, Lewis Etienne Aleman.
On August 24, 1964 plaintiff filed suit for workmen's compensation benefits alleging himself to be totally and permanently disabled as a result of injuries suffered in a work-related accident on July 25, 1963. After trial on the merits, judgment was rendered in plaintiff's favor on October 16, 1974 awarding him 400 weeks compensation at $35.00 per week less a credit for voluntary payments made from January 3, 1964 through April 1, 1964 and medical expenses incurred from June 5 through June 16, 1964. On June 21, 1975, plaintiff died. He is represented herein by his children and surviving spouse. Defendants appeal. We reverse.
Plaintiff alleges that he has been totally and permanently disabled as a result of an accident occurring in the course and scope of his employment. At issue here is whether under the requirements of Louisiana workmen's compensation statute and the jurisprudence thereunder, plaintiff's evidence sufficiently establishes the occurrence of a work-related accident and the causal relationship between that accident and his purported disability.
Four persons testified with respect to the occurrence of the accident. Although he did not remember the specific date of the accident, plaintiff testified that in the summer of 1963 he was employed as general superintendent with Lionel F. Favret Company, Inc. He stated that he had worked for the company approximately 14 years and that he usually supervised between 40 and 120 men. On the day of the incident in question, the fuse box on the job on which plaintiff was working was malfunctioning and he attempted some repairs. He testified that he went out to the fuse box along with his timekeeper, Ray Bowman, and as he attempted to remove a fuse with a pair of pliers, a blinding flash pitted his eyeglasses and startled him to such an extent that he spun backwards and twisted his back. He stated that he then blacked out and the next thing he remembers is being in the timekeeper's shack in a dazed condition. Plaintiff noted that Bowman was the only person to witness the accident. Plaintiff did not report the accident, in apparent disregard of known procedures, but stated that Bowman told him that he had made out a report.
Plaintiff further testified that he did not remember whether his back pain started an hour or week after the accident but stated that it had gotten progressively worse and that he was in constant pain from shortly after the accident until he stopped working on January 3, 1964, when the pain became *787 unbearable. Plaintiff also could not remember exactly when he first saw a doctor for his alleged back condition. At one time he stated that he had seen a doctor within weeks after the accident and another time testified that he did not see one until after he had stopped working in January.
Plaintiff's wife, Gertrude Aleman, testified she became aware of the accident the day it occurred when her husband phoned her from the job. She noted that when he arrived home that evening both his shins were skinned. Plaintiff told her that he had a flash in his face and twisted around and that he must have fallen. She testified that after the incident her husband often complained about his back, and that in order to alleviate some of the pain she often rubbed liniment on it after hot showers.
Ray Bowman testified that at the time of the alleged incident he was plaintiff's immediate subordinate and had been for approximately three years. Although he recalled the occurrence of a problem with the fuse box and remembered filling out a report for plaintiff's damaged glasses (with no mention of any physical injury), he stated he did not witness the accident and was in fact in the timekeeper's shack when it occurred. He further testified that after the accident when Aleman came into the timekeeper's shack, he did not appear dazed and did not complain about being injured, but was just angry about his eyeglasses.
In the month to six weeks following the incident that Bowman continued to work with Aleman, he noted no noticeable change in his work habits and remembered no complaints of pain. Bowman stated that he did not become aware of plaintiff's back problem until approximately one and one half years after the accident when he encountered plaintiff. On this occasion, he was told by plaintiff that he had had two back operations. However, during this conversation, Aleman did not mention what had caused his back difficulty.
Ernest Voss testified that he began working under plaintiff as assistant superintendent for Favret in July 1963. Voss was not working on the job at the time of the alleged incident and, at the trial, his memory of the facts subsequent to the incident were not clear. He read into the record, though, a signed statement which he had given on November 11, 1964, at which time his recollection of the facts incidental to this claim was much better. He stated that he never noted any back problems in plaintiff until the early part of December 1963, when Aleman returned from a fishing camp he had purchased in Slidell, in obvious discomfort and with complaints of back pain. Prior to this occasion, he had seen plaintiff every day and observed no changes in his working habits which could have indicated a back difficulty.
Plaintiff worked until January 3, 1964 at which time the witness stated he did not complain about his back but looked very pale and complained about his heart. Voss convinced him to see a doctor about his heart condition. He added that the only time he remembers plaintiff telling him that he was hurt on the job was about six months prior to trial when plaintiff called him and said "you remember when I was hurt on the job?" Voss informed him that he knew nothing about the accident and could not corroborate his story.
After carefully reviewing the record, we believe it was error for the trial judge to have concluded that plaintiff had sufficiently proven the existence of a work-related accident and resulting disability therefrom. The jurisprudence is clear that a plaintiff's testimony alone is sufficient to establish the occurrence of a work-related accident only where his story is corroborated by surrounding facts and circumstances and where there is nothing in the record to impeach or discredit his testimony. Additionally, in order to recover workmen's compensation benefits the testimony as a whole must show more probably than not that an employment accident occurred and that it had a causal relation to the disability. White v. Freeport Chemical Company, 319 So.2d 563 (La.App. 4th Cir. 1975).
The present record is replete with instances of testimony which are contradictory, *788 non-corroborative and unsupportive of plaintiff's allegations.
Bowman, allegedly an eyewitness to the accident, testified he did not see it occur. Although he made out a report for plaintiff's eyeglasses he was not even aware that plaintiff had suffered any injury.
Plaintiff's wife noted that after the accident plaintiff came home with skinned shins. Neither plaintiff nor anyone else mentioned this aspect of plaintiff's injury. Voss noted no back difficulties prior to December, whereas plaintiff testified his back got progressively worse after the July incident.
Plaintiff, being a job superintendent and admittedly conversant with the procedure for filing on site injury reports, made no request for an accident report to be filed until September 17, 1964, over a year after the alleged accident. As further indication of the uncertainty of plaintiff's claim, we observe that while plaintiff alleged his back problems stemming from the work-related accident necessitated two back operations, under cross-examination he admitted that he had signed a form from his group hospitalization carrier, John Hancock, in which he stated that the injury was not job connected and did not result from a work-related accident. In fact, John Hancock, whose liability extended solely to non work-related accidents, paid the bill for plaintiff's first operation in February 1964.
Additionally, Dr. R. H. Corales, Jr., the neurosurgeon who operated on plaintiff, stated in deposition that in taking a history of plaintiff on January 29, 1963, plaintiff told him that he had suffered an acute low back pain while stooping over on January 24, 1964. Dr. Corales stated he was unable to determine what caused plaintiff's back condition and was never informed of and had no knowledge of any work-related accident.
After the first operation, plaintiff progressed well and Dr. Corales believed him to be capable of returning to work. However, plaintiff returned to him on May 19, 1964 complaining of back and leg pain which had begun one month prior to the visit. Examination revealed a ruptured disc in an area below that which he had been operated previously. Dr. Corales performed a second operation on June 9, 1964. He testified that in his opinion something had happened to Mr. Aleman after the first operation which precipitated the second back difficulty. He further stated that he deemed it highly unusual that after the patient's discharge from the hospital on June 16, 1964 that he failed to return for any post-operative treatment.
We believe that based upon the testimony cited above, plaintiff has clearly failed to establish that his disability resulted from a work-related accident. Plaintiff's testimony is uncorroborated by surrounding facts and circumstances and is seriously discredited by his own admissions and the testimonies of his coworkers and treating physician.
Accordingly, we hereby reverse the judgment of the district court and it is now ordered, adjudged and decreed that there be judgment herein in favor of defendants, Lionel F. Favret Company, Inc. and American Employers Insurance Company, dismissing the suit of plaintiff, Lewis Etienne Aleman. Plaintiff is to pay all costs.
REVERSED.