LANDRY, Judge.
Plaintiff (Appellant), a truck driver, appeals from judgment rejecting his claim for *917 workmen’s compensation benefits for alleged total permanent disability which he attributes to a dislocated left shoulder allegedly sustained in an automobile accident which occurred during the course and within the scope of his employment by defendant (Appellee). The trial court rejected Appellant’s demand upon finding a lack of causal connection between the accident and the asserted disability. We affirm.
It is conceded that on August 28, 1973, Appellant was injured when a truck and trailer he was driving for Appellee overturned in North Carolina. Appellant was taken to a nearby hospital where his injuries were diagnosed as two fractured ribs, undisplaced fracture of the left shoulder-blade, and numerous lacerations of the arms and legs. After hospitalization for about two weeks, Appellant returned to his home in the Baton Rouge area, where he remained under the care of Dr. Frank Reiger, a general practitioner.
Appellant maintains he is disabled because of his left shoulder, which repeatedly comes out of joint, causing him considerable pain and discomfort, and renders dangerous his driving a truck.
Appellant remained under Dr. Reiger’s treatment and care from September 12, 1973 to February 24, 1974, on which latter date Appellant was discharged and declared fit to resume his former employment. Dr. Reiger saw Appellant on numerous occasions. From the first visit, Appellant complained of pain in the shoulder. Appellant did not, however, at any time mention a dislocated shoulder. In December, 1973, Appellant began complaining of low back pain, but continued to complain mostly about pain in the shoulder, chest and rib area. Dr. Reiger found no objective symptoms of back injury. Upon releasing Appellant, Dr. Reiger felt Appellant had no permanent disability.
Appellant was paid benefits from date of injury until February 11,1974, when Appel-lee discontinued payments on the strength of Dr. Reiger’s determination that Appellant was able to resume employment as a truck driver. It is conceded that Appellee paid medical expenses totalling $1,469.25 and compensation aggregating $1,690.00.
For purposes of medical evaluation, Appellant was examined by Dr. Herbert K. Plauche on June 24, 1974, July 11, 1974, September 4, 1975, January 20 and March 12, 1976. Plaintiff’s complaints were of pain in both shoulders and the low back. Examination disclosed evidence of what Dr. Plauche considered a congenital deformity of the fifth lumbar vertebra. Initially, Dr. Plauche found no evidence of a dislocated left shoulder. On September 4, 1975, Appellant stated to Dr. Plauche that his left shoulder had jumped out of place once or twice since Appellant’s former visit. Appellant also stated the shoulder had been reduced by Appellant with the aid of his mother. Dr. Plauche saw no evidence of shoulder dislocation until March 12, 1976, when Appellant voluntarily dislocated his shoulder in Dr. Plauche’s office after Dr. Plauche refused to perform such a procedure despite written request from Appellant’s counsel. In summary, Dr. Plauche testified he could find no probable causal connexity between the accident and the condition of Appellant’s left shoulder. He felt that while such connexity was within the realm of possibility, in his judgment it would be purely speculative and conjectural to conclude such causal connexity existed.
Relying upon Roberson v. Liberty Mutual Insurance Company, 316 So.2d 22 (La.App. 3rd Cir. 1975), Appellant urges that disability is presumed in compensation cases where an injured employee in good health exhibits continuing symptoms of injury following an accident. We note, however, that Roberson, above, requires a claimant to establish the reasonable possibility of causal connection between the accident and the disabling condition.
The rule of law governing burden of proof in workmen’s compensation cases was recently restated in Prim v. City of Shreveport, 297 So.2d 421 (La.1974). In the cited authority, the Supreme Court held that although procedural rules are to be liberally construed in favor of claimants, the rule that a plaintiff must establish his case by a *918 preponderance of evidence is not relaxed. In such cases, the testimony as a whole must show that more probably than not that an accident occurred, and that it bears a causal relation to the claimed disability. If the testimony is equally balanced, plaintiff’s claim must be rejected for failure to carry the burden of proof. Also, plaintiff’s cause must fail if the evidence shows only a possibility of causal connection, or leaves the issue to speculation or conjecture.
We are also aware that an employee may establish his cause by his own testimony alone. In such instances, however, the employee’s testimony must be corroborated by attending facts and circumstances and the record must be free of evidence which impeaches his testimony. Aleman v. Lionel F. Favret Company, Inc., 338 So.2d 785 (La.App. 4th Cir. 1976).
In this case, the trial court found such corroboration lacking. We find the record fully supports this conclusion.
The judgment of the trial court is affirmed at Appellant’s cost.
AFFIRMED.