CHIASSON, Judge.
Plaintiff, Ted Yokeum, filed this civil action seeking workmen’s compensation benefits for an allegedly job-related back injury. The injury allegedly occurred while plaintiff was working for defendant, ITT Henze Service, but on location at the New Orleans Public Service, Inc. (NOPSI).
After trial on the merits, the district court found that plaintiff failed to prove the injury was sustained within the course and scope of his employment. Judgment was rendered in favor of defendant, dismissing plaintiff’s action at his cost. Plaintiff appealed.
On appeal, plaintiff contends that the district court manifestly erred in failing to find the injury job-related. He argues that his testimony corroborated by that of his wife was sufficient to prove that the injury was sustained within the course and scope of his employment. Plaintiff further argues, that should this court reverse the decision of the district court, he is entitled to penalties and attorney’s fees for defendant’s arbitrary refusal to honor his workmen’s compensation claim.
Plaintiff testified that his back injury occurred in early October, 1978, on a job for NOPSI in New Orleans, Louisiana. (The records produced by defendant show that this job was actually performed between September 14 and September 27, 1978.) Mr. Yokeum stated that the job required the hoisting of heavy equipment up several flights of stairs and the moving of a 700— 800 pound valve for a short distance.
Plaintiff claims he began to experience substantial back pain while performing this work but decided to continue working. He stated that he did mention this injury to several persons, including his on-the-job supervisor and two co-workers.
Mr. Yokeum consulted Dr. Charles H. Gideon, Sr., a chiropractor, for his back pain on October 30, 1978. During his interview *612 with Dr. Gideon, the attending nurse took notes that indicated that plaintiff possibly was suffering from a lumbrosacral sprain with sciatic neuritis. These notes further indicated that plaintiff’s job required heavy manual labor, which had caused plaintiff pain since his injury. No specific notation was made that the injury occurred at work. However, Dr. Gideon subsequently forwarded a bill too defendant characterizing the injury as job-related.
Plaintiff first notified his plant supervisor, Mr. Charles Finley, in early November that he had injured his back on the NOPSI job and was being treated by Dr. Gideon. Mr. Finley related the gist of that conversation as follows:
“Mr. Yokeum came into the office and asked who was gonna pay his chiropractor’s bill. I asked him what happened, and he said he thought he hurt his back on the job. I asked him if he had any witnesses, he said no. I asked him if he could tell me where it was and he said I think it was at NOPSI.”
Mr. Finley further testified that he made no report of the injury because he felt it was not job-related and told plaintiff that defendant would not pay his doctor bills. He suggested that plaintiff file a claim with his health insurer.
Subsequently, plaintiff sought the medical treatment of Doctors Allen C. Fairies and John Clifford. He told both of them that he had injured his back while doing yard work. However, plaintiff argues that this history was suggested by Mr. Finley, and was adopted in a desperate attempt to obtain medical treatment. Mr. Finley denies that he instructed plaintiff to fabricate this explanation.
Plaintiff’s wife testified that her husband complained to her that he injured his back on the NOPSI job. Plaintiff’s neighbor also testified that plaintiff made the same statements to him. Although plaintiff claimed to have told several co-employees of his injury, only Howard McNeely was called to testify at trial. Mr. McNeely denied that plaintiff had ever mentioned any back injury sustained on the NOPSI job.
The testimony of the claimant, if corroborated by other credible evidence, is sufficient to support a claim for workmen’s compensation benefits. Wright v. Red Ball Motor Freight, Inc., 315 So.2d 344 (La.App. 1st Cir. 1975). However, the claimant must establish his claim by a preponderance of the evidence, i. e., the evidence taken as a whole must establish that it is more probable than not that the injury resulted from a work-related accident. Montgomery v. Delta Concrete Products Co., Inc., 290 So.2d 769 (La.App. 1st Cir. 1974), writ denied, 294 So.2d 823 (La.1974). In making such a determination great weight is accorded to the district court’s evaluation of the credibility of witnesses and the findings of fact of the district court will not be disturbed on appeal unless shown to be manifestly erroneous. Montgomery v. Delta Concrete Products, Inc., supra.
After carefully reviewing the record in the instant case, we cannot say that the district court’s finding that plaintiff’s injury was not job-related is clearly wrong. We find no manifest error therein. Accordingly, the issue regarding penalties and attorney’s fees is moot.
For the foregoing reasons, the judgment of the district court is affirmed at plaintiff’s costs.
AFFIRMED.