DOUCET, Judge.
Plaintiff, Dave Gautreaux, a construction worker in his forties, was injured while employed by Martin & Sons, Inc., and subsequently sought permanent disability benefits from his employer’s worker’s compensation carrier, United States Fidelity & Guaranty Company, who denied same. From an adverse judgment in the trial court, plaintiff appeals.
The sole issue on appeal is whether the trial judge erred in finding plaintiff had not proven permanent disability. We affirm.
Plaintiff was removing composition paper roofing -with a shovel on May 17, 1979 at defendant’s work site when he fell from the roof injuring himself. Plaintiff attempted returning to work the following day however, neck pain prevented his continued return. Accordingly, plaintiff visited Dr. John Guidry on May 19,1978 and was given some injections and medications and X-rays were taken at the time. Lymph nodes, muscles, and tendons of the neck were found to be inflamed. Thereafter, on May 29, 1978, plaintiff was admitted to Our Lady of Lourdes Hospital in Lafayette *726 where he was tentatively diagnosed as possibly having a herniated disc. He remained there until June 8, 1978. Dave Gautreaux was re-admitted to the hospital on June 29, 1978 where he remained until July 3, 1978. He complained of progressively increased back pain and radicular pain in the lower extremities associated with increased temperatures.
On August 3, 1978, Dr. James McDaniel, treating physician during plaintiff’s hospitalization, received the results of EMG and nerve conduction studies. No objective basis for the neck and back pain appeared.
Dr. McDaniel last saw plaintiff in March of 1980, at which time he noted that he could not find any orthopedic or neurologic abnormality such as would prevent his return to work.
The findings of Dr. Ricardo Leoni, a neurosurgeon, were, likewise, essentially negative.
Three months following his visit to Dr. Leoni, plaintiff was seen by Dr. William Meuleman, an orthopedic surgeon, at the request of defendant-insurer on November 30, 1978. From an orthopedic standpoint, Dr. Meuleman could offer plaintiff nothing.
United States Fidelity & Guaranty Company, after receiving opinions from the various doctors, decided to terminate workmen’s compensation benefits previously paid effective May, 1979.
In August of 1980 plaintiff was referred by one of his treating physicians to Dr. Thomas Flynn, an orthopedic surgeon practicing in Baton Rouge. Dr. Flynn found no disability. Also in August, plaintiff was evaluated by Dr. Giles Morin, a psychiatrist who noted no traumatic neurosis.
Dr. Guidry, a general practitioner who first saw plaintiff, considered Gautreaux’s subjective complaints credible but could not ascertain any objective proof in support thereof. Roosevelt Savoy, Doctor of Chiropractics, stated that he had seen Gautreaux and believed he was suffering from a traumatic cervical sprain and mid-thoracic sprain. Savoy considered plaintiff to be totally disabled.
Appellant’s assignment of error is, at best, ambiguous, to wit: “The Honorable Judge erred here. He failed to consider the lay testimony of Mrs. Gautreaux completely, the testimony of the plaintiff, and he totally disregarded the testimony of Dr. Guidry and Savoy.”
In a workmen’s compensation suit the plaintiff must prove the fact of disability by a preponderance of evidence. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980); West v. Belden Corp., 396 So.2d 1004 (La.App. 3rd Cir.1981). An employee is not disabled solely because he suffers some residual pain or discomfort when attempting to work. Dusang v. Henry C. Beck Builders, Inc., supra. Whether the plaintiff has sustained his burden of proving disability is an issue of fact to be decided on the basis of both medical and lay testimony. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977). The credibility assigned by the trial judge to testimony in a workmen’s compensation proceeding is to be given great weight upon review. Joseph v. Martin Mills, Inc., 394 So.2d 722 (La.App. 3rd Cir.1981). Accordingly, such determinations as to credibility will not be disturbed on appeal absent manifest error. We find no such manifest error here. Consequently, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.