457 So.2d 261 (1984)
James Allen ROSHTO, Plaintiff-Appellant,
v.
WAUSAU INSURANCE COMPANIES, et al., Defendants-Appellees.
No. 83-887.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Writ Denied November 26, 1984.
William M. Wolfe, Pineville, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellees.
Before GUIDRY, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
James Allen Roshto appeals the district court's dismissal of his claim for worker's compensation benefits against appellees, Wausau Insurance Company and James Salley, Inc. d/b/a Salley's Food Stores. The dismissal of the claim was based on a finding that Roshto did not prove by a preponderance of the evidence that a work-related accident caused an injury.
The findings of fact of a trial court in a worker's compensation case will not be disturbed unless manifestly erroneous. Harris v. Louisiana-Pacific Corp., 420 So.2d 1220 (La.App. 3rd Cir.1982). A review of the record reveals that the trial court was clearly right.
The correctness of the trial court's decision is evident in its thorough reasons for judgment which will be adopted in part as follows:
"... While working as a butcher in the grocery store of the defendant, James W. Salley, Inc., a number of cases of chickens stacked on a table fell on plaintiff's shoulder. *262 Plaintiff contends his injury aggravated pre-existing arthritis in the cervical vertabrae and/or caused a herniated disc which pinches a nerve in his neck and causes him to be permanently and totally disabled. Defendant contends plaintiff failed to prove the accident or any disability causally related thereto.
"The issues are:
(1) Did plaintiff prove the accident and injury?
(2) If the accident and injury were proved, did plaintiff prove that he suffered a disability caused thereby?
(3) Is defendant liable for penalties and attorney's fees?
"The evidence shows that the plaintiff, now approximately 47 years of age, had worked as a butcher for Salley for many years. On September 30, 1982, he was the meat market manager at Salley's store on Jackson Street Extension in Alexandria. A number of cases of chickens were stacked on an aluminum table in the cooler in preparation for a sale the following weekend. Plaintiff testified the cases of chickens were stacked 7 or 8 high. This was denied by the two (2) employees of Sanderson Farms who delivered the chickens.
"Roshto testified that after the other three market employees had left the store on the evening of September 30, 1982, he went into the cooler room and while attempting to remove a case of chickens from the stack, a leg on the aluminum table collapsed causing the stack of cases to fall on his shoulder and knock him across a buggy against a wall. He was alone at the time. There were no other witnesses to the accident.
"Plaintiff testified he suffered no great immediate pain, but that after a few minutes he did go to the front of the store and report the accident to the assistant store manager, Gerald Crise. Mr. Crise denied Roshto reported the accident on that evening.
"The next morning, October 1, 1982, Roshto did report to both Crise and the store manager, James W. Salley, Jr., that some boxes of chickens had fallen on him in the cooler the previous evening. Both Crise and Salley testified that they asked plaintiff whether he had received an injury which required medical attention and that plaintiff stated that he did not need to see a doctor.
"Plaintiff continued to perform all of his duties as a butcher until he was either fired or quit on October 22, 1982. Roshto testified that during this period of time he was unable to perform all of his duties and required the assistance of some other employees in the store. However, three of his co-employees and Mr. Crise and Mr. Salley testified that plaintiff performed all of his duties, including lifting heavy pieces of meat. The three co-employees stated that although plaintiff had mentioned to them that some chickens had fallen on him in the cooler, he appeared to perform all of his normal duties and they were not aware of any pain or disability on his part. In opposition to this testimony, plaintiff produced as witnesses his sister and his next door neighbor who stated that plaintiff complained to them that some chickens had fallen on him at work and that he was in pain.

* * * * * *
"... [On] October 23, 1982, plaintiff asked Crise to complete and file an accident report, which Crise did. On the following Monday, October 25, 1982, plaintiff contacted his attorney and also went to see Dr. Wesley Dyer, a general practitioner. This physician referred plaintiff to Dr. C.W. Lowrey, an orthapedic (sic) surgeon. Roshto testified that he was not satisfied with either Dr. Dyer or Dr. Lowrey. The plaintiff did not introduce into evidence any report, deposition or other showing of the examination or findings of these two physicians.
"Plaintiff's attorney sent him to Dr. Stuart Phillips, an orthapedic (sic) surgeon in New Orleans, who first saw plaintiff on November 29, 1982. In his deposition of May 19, 1983, Dr. Phillips states he found muscle spasm in the neck and that x-rays showed arthritis at C3-4-5. From these *263 objective findings and the subjective complaints of pain in the cervical area radiating down the right arm and numbness in the right hand, he diagnosed nerve root pressure in the cervical area. From the history of the September 30, 1982 accident, Dr. Phillips expressed the opinion that this could have aggravated the pre-existing arthritic condition in the neck. Dr. Phillips prescribed conservative treatment consisting of drugs for pain and muscle relaxation. He has continued to see and treat plaintiff and it is his opinion that plaintiff cannot now return to work as a butcher which requires heavy lifting of meat and other strenuous use of the neck, shoulder and arm.
"The first issue is whether the plaintiff has proved the accident. The applicable rule on sufficiency of proof is stated in Alman (sic) v. Lionel F. Favret Co., Inc., 338 So.2d 785 (La.App. 4th Cir.1976) as follows:
`The jurisprudence is clear that a plaintiff's testimony alone is sufficient to establish the occurrence of a work-related accident only where his story is corroborated by surrounding facts and circumstances and where there is nothing in the record to impeach or discredit his testimony. Additionally, in order to recover workmen's compensation benefits the testimony as a whole must show more probably than not that an employment accident occurred and that it had a causal relation to the disability. White v. Freeport Chemical Company, 319 So.2d 563 (La.App. 4th Cir.1975).'
"See also Blacher v. Matlack, Inc., 349 So.2d 916 (La.App. 1st Cir.1977) which states the following rule:
`The rule of law governing burden of proof in workmen's compensation cases was recently restated in Prim v. City of Shreveport, 297 So.2d 421 (La.1974). In the cited authority, the Supreme Court held that although procedural rules are to be liberally construed in favor of claimants, the rule that a plaintiff must establish his case by a preponderance of evidence is not relaxed. In such cases, the testimony as a whole must show that more probably than not that an accident occurred, and that it bears a causal relation to the claimed disability. If the testimony is equally balanced, plaintiff's claim must be rejected for failure to carry the burden of proof. Also, plaintiff's cause must fail if the evidence shows only a possibility of causal connection, or leaves the issue to speculation or conjecture.'
"Under the rules stated above, I conclude plaintiff has not sustained his burden of proving the accident by a preponderance of the evidence. There are simply too many surrounding facts and circumstances which discredit his testimony. He says he reported the accident to Crise on the night it occurred, but Crise denies this. Roshto testified at the trial that on the night of the accident he did not clean-up the chickens and did not know who did, but in his pre-trial deposition he said he told Crise to get someone to clean-up and that other employees did so on that evening. There is no testimony to show who actually cleaned up the chickens, if indeed they did fall in the cooler. Plaintiff says he told Crise and Salley, Jr. the next day that the chickens had fallen on him and that he had been injured, but Crise and Salley testified that they expressly asked Roshto whether he had been injured sufficiently to need medical attention and he said no. Plaintiff continued to perform his full duties including heavy lifting of meat, etc. until he quit, about three (3) weeks later. He says he quit both because he was dissatisfied with the criticism by Salley, Sr. and because he was suffering pain. But the fact that he kept on performing his full duties and did not seek medical attention discredits his testimony as to pain. Plaintiff's testimony is also seriously discredited by the fact that he did not introduce the findings of either Dr. Dyer or Dr. Lowrey. The jurisprudential rule is that where plaintiff is seen and examined by physicians and then fails to introduce their testimony, a presumption arises that their testimony would be unfavorable to him. McCauley v. LaFleur, 213 So.2d 176 (La.App. 3d Cir.1968) and the authority cited therein. Under this presumption, Dr. Dyer and Dr. Lowrey found no evidence of injury.
*264 "It may be that there was an incident of some kind when a box or boxes of chickens fell on plaintiff. But if so, he has certainly failed to prove by a preponderance of the evidence that he suffered any injury as a result of this incident.
"Having reached this conclusion, it is unnecessary for the court to consider the remaining issues.
"For the reasons assigned, the court is of the opinion that there should be judgment herein dismissing plaintiff's suit at his cost."
As shown by the above discussion there was conflicting testimony. The trial court watched and heard the testimony and did not find the plaintiff credible. The credibility assigned by the trial judge to testimony in a worker's compensation proceeding is to be given great weight upon review. Gautreaux v. U.S. Fidelity & Guar. Co., 422 So.2d 725 (La.App. 3rd Cir. 1982). The trial court's evaluation of the plaintiff's credibility and subsequent finding that plaintiff did not prove he was suffering an injury as a result of an accident will not be disturbed.
The judgment is affirmed. Costs are assessed against plaintiff-appellant, James Allen Roshto.
AFFIRMED.