YELVERTON, Judge.
The trial court rejected the claimant’s demands in this workmen’s compensation suit, finding that he failed to prove a work-related accident. Plaintiff appeals. We affirm.
In Hall v. Doctor’s Hospital of Tioga, 486 So.2d 1164 (La.App. 3rd Cir.1986) this court discussed the standard of review in workmen’s compensation cases where credibility of the witnesses is at issue. This court stated:
“The appellate review of the findings of fact of the trial judge is limited to a determination of whether from the evidence in the record the appellate court can conclude that the trial judge was manifestly in error or clearly wrong in his finding. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). This same standard applies in worker’s compensation cases. Stone v. Louisiana Pacific Corporation, 484 So.2d 306 (La.App. 3rd Cir.1986); Sharbono v. H & S Const. Co., 478 So.2d 779 (La.App. 3rd Cir.1985), and cases cited therein; Olson v. Ins. Co. of State of Pa., 471 So.2d 1151 (La.App. 3rd Cir. 1985), writ den., 476 So.2d 352 (La.1985), and cases cited therein.
“Though procedural rules are to be liberally construed in favor of the worker’s compensation claimant, the burden of proof remains on the claimant to prove his case by a preponderance of the evidence. Stone v. Louisiana Pacific Corporation, supra; Fourroux v. North-West Ins. Co., 462 So.2d 1327 (La. App. 3rd Cir.1985), writ den., 465 So.2d 739 (La.1985). The evidence taken as a whole must show that it is more probable than not that a work-connected accident occurred, and that it had a causal relationship to the claimant’s disability. Stone v. Louisiana Pacific Corporation, supra; Fourroux v. North-West Ins. Co., supra.
“The matter involved here is strictly one of judging the credibility of the witnesses. The credibility assigned by the trial court to testimony in a worker’s compensation proceeding is to be given great weight upon review on appeal. Stone v. Louisiana Pacific Corporation, supra; Sharbono v. H & S Const. Co., supra; Roshto v. Wausau Ins. Companies, 457 So.2d 261 (La.App. 3rd Cir.1984), writ den., 460 So.2d 1047 (La.1984).”
In the present case the trial judge wrote excellent reasons for judgment carefully explaining the weight given to the witnesses’ testimony. We set forth these reasons for judgment as follows:
“The matter before the Court is a workman’s compensation claim. Initially, the Court would like to point out that some of the testimony is in direct contradiction of other testimony elicited at trial, so the credibility of the witnesses must be carefully assessed.
“At the trial of the matter, the plaintiff, PERVIS LEVINE, JR., testified that on April 29, 1983, his employer, the defendant, told plaintiff to load a 350-pound base monument from the ground and place it on a truck by hand because utilizing the chain block would take too long. Plaintiff stated that he and another employee, Kenneth Petry, were lifting the base when it came down upon his hand. He told Petry when [sic] had happened; but apparently Petry did not know what to do. Plaintiff stated that he was lifting the base up himself when he felt something pop in his back. Plaintiff stated that another employee, Ricky Stewart, was nearby when the accident happened.
“Subsequently, plaintiff stated that Pe-try and Stewart moved the base by lifting it with a chain block. Plaintiff stated that they didn’t use the chain block initially because they could not get the truck close enough.
“Plaintiff stated that he stayed on the job that day, even though he felt pain. He stated that he could not inform his employer of the accident that day because defend *156 ant was not there. Plaintiff also stated that previously he had had a sore back, but that it had always gotten better over the weekend. He thought that would be the same this time, but it was not, and so on Monday he informed his employer of the accident. Plaintiff saw Dr. Alleman that afternoon and he diagnosed plaintiff as having pulled muscles. Plaintiff stated that he has not returned to work since that Monday because with his back pain he cannot perform the heavy manual labor which is involved in grave-digging and monument moving.
Plaintiff stated on cross-examination that on the day of the accident he told both Petry and Stewart that he had hurt his back and complained to them all that day about the pain. On cross, he also admitted that he did see his employer that afternoon when he picked up his check, but did not mention the accident.
“Ricky Stewart, another employee of defendant, testified that defendant told them to load the bases with their hands. He stated that he heard the plaintiff holler about his hand and that plaintiff was holding his back and complaining. Mr. Stewart stated that they could not move the truck closer because other head-stones were in the way. He also stated that later that afternoon and on Monday, plaintiff complained to him of pain in his back.
“The witness admitted at trial that in response to defendant’s prior questioning of him concerning plaintiff’s accident, he denied knowing anything about it. But the witness insisted that at trial he is now telling the truth.
“On cross-examination, the defense attorney attempted to impeach the witness’ credibility by questioning the witness about the discrepancy in his deposition at page 80, where the witness stated that he saw plaintiff’s hand stuck under the base and saw plaintiff lift the base off of his hand; and his in-court testimony that he only heard plaintiff holler about his hand but did not actually see the base on plaintiff’s hand. The witness also admitted that Friday afternoon when he saw the defendant, he did not tell him anything about the accident. He also stated that when he denied having any knowledge about the accident, when specifically asked by the defendant, it was because he did not want to get involved.
“Bertha Levine, plaintiff’s wife, testified that plaintiff complains of pain; that he cannot do anything strenuous, and other people must do his chores for him, such as mowing the law and washing the car.
“The defendant’s first witness was Eldo-ra Lyons Cade, who the Court finds to be a credible witness, based upon her impartiality. She stated that Ricky told her that he was not present when the accident happened and only knew about it because the plaintiff told him so. She said that Ricky stated to her that he had nothing to lose; that it was money in his pocket, so he was going to testify for the plaintiff.
“Herbert Butcher testified that he overheard two conversations of Ricky’s. He stated that the first conversation was between Ricky and Ricky’s stepfather, Mr. Brown, in which Mr. Brown was telling Ricky he had better not testify at trial about things he didn’t know about. And that Butcher later heard Ricky state that he was going to testify because if plaintiff got something, he, Ricky, would get something. The Court also finds Mr. Butcher to be a credible witness, based upon his impartiality.
“Kennth Petry, the co-employee working with plaintiff at the time of the alleged accident, was the defendant’s third witness. His testimony was in direct contravention of the plaintiff and Ricky Stewart’s testimony. Mr. Petry insisted that he alone loaded the base onto the truck that Friday morning and remembers backing up the truck so that the truck could be used in picking up the base. Mr. Petry testified that plaintiff said nothing to him at any time Friday about an accident and did not complain of any pain on that day. The witness stated that on that Monday plaintiff told him he had hurt his back.
“Mr. Petry testified that later, on a week-end, plaintiff called him to meet at Pat’s at Henderson, at which time plaintiff told him he would drop his suit against *157 defendant if the defendant would pay him a certain amount of money. He asked that Mr. Petry carry this ‘offer’ to drop his suit against the defendant to his employer.
“LEONARD BRAILEY, the defendant in this case, testified that Mr. Petry informed him Monday that plaintiff had earlier in the day told him he had hurt his back. He said that after this, the plaintiff also said something to him about it. Defendant stated that when he asked Ricky Stewart about the accident, he stated that he knew nothing about it.
“Mitchell Brown was called by the plaintiffs on rebuttal. He stated that he did not know anything about plaintiffs case and that he never had a conversation with defendant, BRAILEY, about plaintiffs case. On cross-examination he admitted that he went with defendant, BRAILEY, to Brai-ley’s attorney, Tony Fontana’s office. On re-direct, he stated that he does not remember saying that Ricky Stewart told him that when plaintiff would settle his case, Ricky would get a car, after denying this on cross-examination.
“On the defense’s rebuttal, Tony Fonta-na testified that Mitchell Brown came to his office and said that Ricky Stewart told him that when plaintiff settled up, Ricky would get a car. The witness corroborated this statement by putting into evidence notes he had taken during this conversation with Mr. Brown.
“The four witnesses which the Court finds most credible because of the lack of motivation for them to falsify, considering their impartial third person status, are El-dora Lyons Cade, Herbert Butcher, Kenneth Petry and Tony Fontana. By accepting the testimony of these witnesses, the Court must necessarily find that it doesn’t believe the portions of the testimony of the plaintiff or Ricky Stewart, which is in direct contravention to the testimony of the above stated witnesses whose testimony corroborates each others.
“The Court holds that plaintiff has failed to carry his burden of proof that plaintiff suffered a work-related accident by a preponderance of the evidence. Juneau v. Garan, Inc., 399 So.2d 735 (La.App. 3rd Cir.1981); Yokeum v. ITT Henze Service, 396 So.2d 611 (La.App. 1st Cir.1981); Jones v. Alexander, 399 So.2d 216 (La.App. 2nd Cir.1981); writ denied at 400 So.2d 1383.
“The Court accepts as true the testimony of Kenneth Petry, that he, and not plaintiff, picked up the base on the day in question. The Court disregards the testimony of Ricky Stewart on the basis of the testimony of Eldora Lyons Cade, Herbert Butcher and Tony Fontana, which testimony implies that the witness’s testimony was motivated by personal gain. The Court also bases its reasons on the testimony of Kenneth Petry and Leonard Brailey that the plaintiff never mentioned the accident on Friday. The plaintiff admitted that he saw his employer on Friday and said nothing to him about sustaining an injury. After the accident, when the defendant questioned Ricky Stewart, at that time he stated that he knew of no accident having taken place.”
After a careful study of the record and exhibits, we find that the trial court’s determination that plaintiff failed to prove a work-related accident was not clearly wrong.
For these reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.