BERNARD N. MARCANTEL, Judge Pro Tem.
The issues presented on appeal are whether the trial judge erred in holding that plaintiff was entitled to temporary and total disability benefits under the Worker’s Compensation Law; whether the trial judge erred in ordering defendant to pay for plaintiff’s computer programming training course as a form of vocational rehabilitation; and, whether the trial judge erred in awarding attorney’s fees.
Shirley Louviere (hereinafter plaintiff) filed suit against her employer, Jeanerette Mills, and its insurer, Travelers Insurance Company (hereinafter defendants), for medical services incurred and unpaid, additional medical treatment, temporary total benefits, and, in the alternative, total and permanent disability benefits, supplemental earnings, vocational rehabilitation and attorney’s fees and costs, resulting from an on-the-job injury. After a trial on the merits, the trial court rendered judgment in favor of plaintiff. The court, finding that plaintiff was temporarily totally disabled, ordered defendant to pay all back compensation benefits not paid. The court also ordered defendant to reimburse plaintiff for out-of-pocket expenses incurred through Southern Technical College, and to pay the remaining balance of vocational rehabilitation for plaintiff to complete her reeducation. Further, the trial court awarded attorney’s fees in the amount of $7,500.00, and court costs to be paid by defendant. It is from a formal written judgment on this matter that defendant now appeals. Plaintiff also asks for an increase in the attorney’s fees awarded.
FACTS
Plaintiff was employed by defendant as a sew elastic. Her job entailed putting elastic on the briefs of boys and men. She was paid by piece work which amount would differ according to the amount sewed daily. A production quota was set and, if quota was not reached, eventually termination would follow. In the latter part of February or early March 1987, plaintiff began having pain in her left hand. She continued to work but, by June 1987, the determined date of injury, the pain became acute and plaintiff was sent by her employer to the company’s doctor, Dr. Falterman, a *1226 general practitioner in Jeanerette, Louisiana. Dr. Falterman referred plaintiff to Dr. Fletcher Sutton in New Iberia. Dr. Sutton reviewed plaintiff’s x-rays, prescribed medication for her discomfort and referred her to Dr. Ladislas Lazaro. She was then evaluated and found to have a ganglion cyst on her left wrist, which was eventually removed.
Plaintiff was under the care of Dr. Lazaro until April 27, 1989. After surgery in September 1987, plaintiff developed reflex sympathetic dystrophy or pain syndrome. She complained of extreme pain and tenderness over the incisional site. She was treated for this with injections to the stel-late ganglion, which is the pain modulator for the upper extremity in the base of the neck on the involved side.
Response to this treatment was only temporary and plaintiffs pain recurred. Dr. Lazaro next tried indwelling catheter method of management, a treatment where the patient is trained and taught to inject themselves to relieve pain. Along with this treatment, the help of Dr. James Cole, a Lafayette psychologist, was utilized. She entered a group therapy program under Dr. Cole’s supervision which lasted sixteen weeks. Plaintiff told Dr. Lazaro that the therapy had helped a great deal.
On January 9, 1989, Dr. Lazaro’s progress report to Elaine Clements of Travelers Insurance Company stated that he felt she was capable of light, moderately light, and moderate work and that, at the end of a year, she would be unrestricted in her activities.
In a letter to Tommy LaFosse, a rehabilitation consultant, dated March 16, 1989, after Dr. Lazaro had reviewed a job description of a sewing machine operator, he stated that he felt plaintiff would be able to perform this type of job after the Bier block, which was recommended by Dr. George Carey, had been accomplished.
In Dr. Lazaro’s final report dated April 27, 1989, he made the comment that plaintiff was doing about the same, meaning she had good days and bad days. He noted that he had completed his management of plaintiff and was releasing her with an open door for her to come back if she had complaints. It was his impression that there would be a job for her upon release.
At trial, testimony was given by Mr. Ronald Champagne, assistant plant manager, that, if plaintiff were to request her job back after she had been released from the doctor, favorable consideration would be given to her returning. He did not state that there would be a job upon her release, only favorable consideration for a job would be given.
Mr. Champagne was asked by the court if the Mill had contacted plaintiff after she had been released regarding her returning to work. He responded by telling the court that no one from the Mill had contacted her and that he felt it was her responsibility to contact them to come back to work. He also stated that he presumed that she knew she was released to go back to work.
Mr. Tommy LaFosse also testified that it was his understanding that the Mill would give consideration to bringing plaintiff back to work after release from the doctor, but that no promise of a job for plaintiff could be made at that time.
Plaintiff gave conflicting testimony to the effect that she spoke with Elva Moore after she was released and was told by Ms. Moore that there was nothing that plaintiff could do at the Mill.
Plaintiff also testified that she did not know she was released from the doctor until her worker’s compensation benefits stopped. That was the only notification she had received. She stated that Dr. Lazaro told her during the April 27th visit she needed to use her hand more and that he felt there was some type of work she would be able to do at her job. She said he told her that she would not be able to do the work of a sew elastic for 18 to 20 months.
During trial plaintiff said she was still having pain but it was now in different areas. Before the surgery, her pain was mainly in the wrist area. Since the surgery, her pain is in the fingers and shoulders with some swelling.
*1227 Plaintiff started taking computer courses at Southern Technical College while she was off work due to her injury because she was bored and to improve her conditions. She received permission to attend from Elaine Clements with Travelers. Although plaintiff uses her hand to type in her computer course, she can rest her hand when it becomes too painful for her.
The trial judge found after hearing all of the testimony that plaintiff was temporarily totally disabled and “needed to be retrained for a job that she is capable of handling under the circumstances of her condition.”
LAW
A trial court’s factual findings as to disability are entitled to great weight and should not be disturbed unless clearly wrong. Venable v. Rawlings, Inc., 471 So.2d 1132 (La.App. 3 Cir.1985).
Both medical and lay testimony must be considered in determining disability; however, it is the trial court’s function to determine the weight accorded to that testimony. Venable, supra.
The credibility assigned by the trial judge to testimony in a worker’s compensation proceedings is to be given great weight upon review. Bruno v. Harbert International, Inc., 593 So.2d 357 (La. 1992); Roshto v. Wausau Insurance Companies, 457 So.2d 261 (La.App. 3 Cir.1984), writ den., 460 So.2d 1047 (La.1984).
We conclude that in this case the weight accorded the testimony of plaintiff regarding the pain she is still suffering and the finding by the trial judge that plaintiff is temporarily totally disabled and is in need of rehabilitation because of this pain will not be disturbed. However, we conclude that the trial judge’s award of attorney’s fees in the amount of $7,500.00 is in error because there was no lower court finding of arbitrary and capricious conduct by the employer nor does our review of the record convince us of such.
For the foregoing reasons, the judgment of the trial court is amended to delete the award of attorney’s fees and, as amended, is affirmed. All costs of this appeal are taxed to defendants-appellants, Jeanerette Mills and Travelers Insurance Company.
AMENDED AND AFFIRMED.