KLEES, Judge.
Plaintiff instituted this suit for workmen’s compensation against her employer, New Orleans Public Service, Inc., (hereafter referred to as NOPSI) seeking compensation, penalties, and attorney’s fees.
After a trial on the merits, judgment was rendered in favor of plaintiff Autherine Thurman Newell awarding her compensation in the amount of $145.33/week for fifteen (15) weeks together with the interest of twelve per-cent (12%), attorney’s fees of $350.00 and costs. Defendants have appealed this ruling.
On appeal, the issues presented here are whether (1) plaintiff has carried the burden of proving she sustained an injury arising out of and in the course of her employment and (2) if such accident did occur, whether the trial judge properly found that defendant acted in an arbitrary and capricious manner in assessing penalties and attorney’s fees.
Did plaintiff sustain an injury arising out of and in the course and scope of her employment?
The only evidence contained in the record relative to the occurrence of the accident is the testimony of plaintiff, Mrs. Autherine Thurman Newell. She testified that on July 4, 1978 while employed as a bus driver for NOSPI, she was operating her bus on the 4 to 11 P. M. shift, when, upon attempting to turn, her seat dropped 5 or 6 inches causing an injury to the lower right side of her back. After an adjustment to her seat and mirrors further along her route, she completed her shift. Plaintiff further testified that she reported the defective seat by filling out a defect card and leaving it on the fare box and also reported the injury. The next day she was examined by the company physician Dr. C. W. Peterson, who diagnosed her injury as “lumbo-sacral strain of back” and recommended medication, placed her on “modified duty” and set up another visit.
Upon returning for a second visit, plaintiff was not examined but was to be referred to a specialist, Dr. George D. B. Berkett. But after speaking to the claims department, Dr. Peterson tore up the appointment slip and sent her to the claims department, where she was told that they could find no defects in the bus seat and she was instructed to return to work, which she did not do.
Plaintiff was also seen by Dr. Florence E. Jones, her private physician, on July 8, 1978 who also diagnosed her injury as “lumbo-sa-cral strain”. Dr. Kenneth N. Adatto, an orthopedic surgeon, treated plaintiff until September 21,1978 when he discharged her.
During the trial plaintiff attempted to elicit testimony from another bus driver, Mr. Phillip Draughter, who was to testify of a similar situation in which a seat dropped suddenly. His testimony was not allowed except by proffer, which was not made. Defendant likewise attempted to offer the testimony of an equipment engineer, Mr. Fred A. Basha, concerning the driver’s seat. Although counsel for plaintiff stated he was an expert he was never qualified as such and a proffer was never made of his testimony.
*248 It is this court’s opinion that the testimony of these witnesses was properly excluded by the trial judge.
This situation is similar to that in Diesel Engine Repairs Inc., v. Point Landing, Inc., 291 So.2d 793 (La.App. 4th Cir. 1974). There the appellant contended that the trial judge erred when he refused to qualify a witness as an expert. The Court of Appeals agreed with the trial judge and held that proper procedure required plaintiff to qualify the witness as an expert at the commencement of his testimony.
“We find no merit to Diesel’s complaint that the the trial judge erred when he would not permit a witness called by plaintiff under cross-examination to be qualified as an expert. Plaintiff called Carl Schaeffer under cross-examination and upon eliciting testimony which appeared. to be adverse to Point Landing, plaintiff then sought to qualify this witness as an expert. No attempt was made to qualify this witness ab initio. The request was made only after cross-examination revealed the witness not to be adverse. The court in our opinion, rightfully refused the request. Proper procedure required plaintiff to qualify Schaef-fer as an expert at the commencement of his testimony. While a witness’s testimony may pertain to several facets of a case, a court cannot permit the court’s use as fishing grounds for exploration. Such is the reason for interrogatories and other procedural devices. We might point out that the trial judge offered plaintiff time to apply for supervisory writs from the adverse ruling; however, plaintiff failed to avail himself of this right. The record is not clear that plaintiff proffered testimony to qualify him as an expert or to illicit opinion testimony. Nevertheless, under the circumstances, we find no error in the court’s evidentia-ry ruling. Pp. 796 & 797.
As explained earlier no attempt was made to qualify either witness as an expert at the beginning of their testimony. The only reference to them being an expert was that which was mentioned after the trial judge intervened.
Defendants’ only other witness regarding the seat was Mr. Gernon Truxillo, a NOPSI mechanic who after reading his notes testified that he examined the seat on plaintiff’s bus on July 5, 1978 and found no defect with the seat or lock.
In the instant case the trial judge obviously chose tp accept the testimony of the plaintiff over that of NOPSI’s mechanic.
Such a result follows the recent holding in Gurry v. Allied Metals, Inc., 379 So.2d 871 (La.App. 4th Cir. 1980), which recognized that the testimony of an injured worker, as corroborated by credible medical evidence, was sufficient to support a trial judge’s conclusion awarding past-due worker’s compensation, penalty interest, attorney’s fees, court costs, experts fees, all medical bills, expenses, and continued compensation.
In the present case the claimant’s testimony is corroborated by the medical evidence following the alleged event as well as her reporting of the “defect”. The only evidence that NOPSI could offer was the testimony of a mechanic who stated he could find no defects in the seat upon checking it the next day.
Such determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for such findings, unless such findings are clearly wrong. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979).
Regarding the claim for penalties and attorney’s fees, the trial court found that NOPSI had been arbitrary and without probable cause in not granting workman’s compensation benefits. The record discloses that plaintiff notified NOPSI of her injury and the defect and promptly went to the company physician. That she was to be referred to a specialist indicates that she was considered disabled by the company. However, this referral was terminated by the claims department.
*249 LSA-R.S. 23:1201.2 provides for penalties and attorney’s fees for any employer who does not pay workmen’s compensation benefits “when such failure is found to be arbitrary, capricious or without probable cause.”
In making his determination, the trial court evaluated the conflicting testimony and weighed the accepted testimony. It is a fundamental rule of appellate review that the trial judge’s factual determination will not be disturbed in the absence of manifest error. Here there is a factual basis for the trial court’s finding. Canter v. Koehring Company, 283 So.2d 716 (La.1975).
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.