BARRY, Judge.
An employer appeals a compensation award for temporary total disability claiming the evidence is insufficient.
In April, 1982, while working as a waitress for defendant, Shoney’s Inc., plaintiff tripped and fell over a co-employee, injuring her knees and back. She reported the incident to her supervisor, but did not seek medical attention for fear she would lose her job. Apparently plaintiff injured her back in job-related accidents in June, 1981 and December, 1981 and was afraid of being terminated if she went to a doctor again. She worked in pain until July 19, 1982 when she was fired for a “bad attitude.”
Plaintiff filed suit on August 2, 1982 and first saw a doctor on August 10, 1982. Dr. Gessner, an orthopedic surgeon, diagnosed a strain or contusion to the lumbar spine and a contusion to the knees. He prescribed anti-inflammatory medication and a mild pain reliever. Although Dr. Gessner advised plaintiff that she should not work as a waitress, plaintiff informed him that her financial situation forced her to do so. Plaintiff obtained a job as a waitress at Cafe Royale and continued to work full time. She saw Dr. Gessner intermittently over the next several months and he prescribed anti-inflammatory medication and pain relievers.
In November, 1982 Dr. Gessner noted plaintiff's condition did not improve. He recommended hospitalization for a full diagnostic work-up. Plaintiff was unable to secure the necessary funds until July, 1983 when she checked into Chalmette General. She underwent a series of tests including a bone and lumbar CT scan, lumbar myelo-gram and discogram, and right knee arth-rogram. All tests were normal.
*13 Plaintiff was discharged on August 20, 1983 and last saw Dr. Gessner on September 6, 1983 at which time he was of the opinion plaintiff had a soft tissue injury to the lumbar spine and a contusion to the right knee. He advised her to restrict activities and to return on an “as needed” basis.
No compensation benefits or medical expenses were paid. Plaintiff testified she still has back pain and works in substantial pain. The only medical testimony was from Dr. Gessner who opined that as long as plaintiff continues to work as a waitress she will aggravate her back.
The trial judge found plaintiff temporarily totally disabled and awarded her 66 ⅝% of $145.37 from July 19, 1982 until such time as she is free of disability.
Defendant initially argues plaintiff failed to prove by a preponderance of the evidence that she was involved in an accident which resulted in disability.
Factual findings of the trial court in compensation cases, particularly those which involve the credibility of witnesses, are entitled to great weight, and will not be disturbed unless clearly wrong. Martin v. Orleans Parish School Board, 427 So.2d 83 (La.App. 4th Cir.1983).
Plaintiffs evidence was uncontra-dicted and we have no basis to conclude the trial court was clearly wrong. However, we do find the evidence insufficient to maintain an award for temporary total disability under La.R.S. 23:1221(1).
At the time of plaintiff’s accident[1] La. R.S. 23:1221(1) provided:
For injury producing temporary total disability of an employee to engage in any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, ....
By contrast, La.R.S. 23:1221(3) defined partial disability in the following terms:
For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, ....
Dr. Gessner’s testimony clearly specifies that plaintiff is capable of engaging in some “gainful occupation.” He testified plaintiff should not continue to work as a waitress, however, he opined that “a job that she would not be called upon to participate in any type of strenuous activity would be certainly more beneficial to her in her recovery.” He said she might work in a more sedentary environment where she could change positions at intervals and avoid kneeling, bending, or squatting without considerable discomfort.
Plaintiff claimed that working as a waitress caused substantial pain. She did not say or imply that she was unable to perform other light duties without pain or that she attempted to do so.
Therefore, the evidence does not support a finding that plaintiff could not engage in *14 “any gainful occupation” under La.R.S. 23:1221(1). Accordingly, we hold plaintiff was partially disabled because the injury rendered her unable to perform the duties in which she was customarily engaged when injured or duties of the same or similar character, nature, or description for which she was fitted by education, training and experience. La.R.S. 23:1221(3). Fazande v. New Orleans Public Service, Inc., 430 So.2d 225 (La.App. 4th Cir.1983); Dufrene v. St. Charles Parish Police Jury, 371 So.2d 378 (La.App. 4th Cir.1979).
As to the penalties and attorney’s fees, whether an employer’s refusal to pay compensation is arbitrary, capricious and without probable cause is a question of fact. Newell v. New Orleans Public Service, Inc., 402 So.2d 246 (La.App. 4th Cir. 1981).
In his reasons for judgment, the trial judge stated:
Although Shoney’s may not formerly [sic] have been put on notice as to petitioner’s disability resulting from accidents at work in September, 1981, and April, 1982 prior to the time they were served with a law suit filed by petitioner on August 2, 1982, it is clear that they were put on notice that there was a workmen’s compensation claim being made against them once they were served with the law suit.
Defendant’s answer to the law suit was filed on August 17, 1982, along with Interrogatory Questions. Petitioner responded to these Interrogatory Questions on September 8, 1982 in which she detailed what injuries she had and who her treating physician was. It appears that Shoney’s obtained no medical reports or made an attempt to depose petitioner’s treating physician until one year later, August 23, 1983, at which time they were clearly informed that according to the treating physician, Leona Jera-si, should definitely not be working in light of her medical condition and that work as a waitress was significantly impeding the healing process of petitioner’s injuries.
At the trial on April 5, 1984, almost twenty months after receiving notice of petitioner’s workmen’s compensation suit, and obtaining the treating physician (who informed them petitioner was disabled and that having to work aggravated her healing process), defendant, Sho-ney’s Inc. came to trial to defend this workmen’s compensation suit. This suit alleged that petitioner was entitled to penalties and attorney fees because of defendant’s willful failure and refusal to pay workmen’s compensation benefits and at the trial, defendant offered no real rebuttal evidence as to this issue other than the fact that, petitioner, Leona Jerasi, had continued to work, a fact acknowledged by petitioner. No witnesses' were put on by Shoney’s, Inc. to re-bute [sic] the accidents in question. No medical testimony was offered by Sho-ney’s to rebute [sic] petitioner’s disability. This court finds that having to continue working was a situation forced upon petitioner, Leona Jerasi, by the defendant, Shoney’s Inc. by refusing to pay to her workmen’s compensation benefits.
The above findings are convincing that the trial judge properly determined Shoney’s failure to pay benefits was arbitrary. La.R.S. 23:1201.2. Once defendant received notice of the suit, it was incumbent upon Shoney’s to have plaintiff examined or begin paying compensation. Dauzat v. Gregory & Cook, Inc., supra; Fazande v. New Orleans Public Service, Inc., supra.
Defendant did neither and its inaction was arbitrary and capricious. The purpose of the statute is to discourage such indifference. Alexander v. Dept. of Culture, Recreation and Tourism, 410 So.2d 1286 (La.App. 3rd Cir.1982).
We have no basis to disturb the $2,500 attorney’s fee.
Defendant argues the average weekly wage is incorrect. We agree. In his reasons the trial judge stated the wage was determined by using the total wages earned at Shoney’s in 1982. He reasoned *15 plaintiff worked through July 19, 1982, the 200th day of the year. Therefore, her 1982 income was divided by 200, multiplied by 365, then divided by 52 to reach $145.37.
La.R.S. 23:1021(7), in effect at the time of plaintiff’s accident, provided:
“Wages” means average weekly wage at the time of the accident. The average wage shall be determined as follows: (a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater; (b) If the employee is paid on a monthly basis, his monthly salary is divided by four; (c) If the employee is employed at an' annual salary, his annual salary divided by fifty-two; and (d) If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided-by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; provided, however, that if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
The trial judge did not follow the R.S. 23:1021(7) mandate in figuring plaintiffs average weekly wage. However, the record does not contain adequate information which would enable us to calculate the proper average weekly wage. Therefore, we reluctantly remand for a determination in accordance with R.S. 23:1021(7).
The judgment is amended and recast in favor of plaintiff, decreeing Leona Jerasi to have partial disability as defined in La.R.S. 23:1221(3) and entitled to benefits provided therein. The ease is remanded for a determination of plaintiff’s average weekly wage. The awards for medical expenses, 12% penalties on amounts past due, and $2,500 attorney’s fees, is affirmed.
AFFIRMED IN PART; AMENDED IN PART; REMANDED.

. Plaintiff's injury occurred prior to numerous enactments of and amendments to the Louisiana Worker’s Compensation Law. Act 1983, 1st Ex.Sess. No. 1 § 1. Thus, her claim for benefits falls under the law at the time of the accident. Dauzat v. Gregory & Cook, Inc., 454 So.2d 807 (La.1984).