379 So.2d 871 (1980)
James Edward GURRY
v.
ALLIED METALS, INC.
No. 10885.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Turner & Young, Thomas M. Young, New Orleans, for petitioner.
Brierre & Malone (Eugene D. Brierre), New Orleans, for defendant-appellant.
Before GARRISON, CHEHARDY and STOULIG, JJ.
GARRISON, Judge.
Petitioner brought this action seeking damages for a job related injury sustained by him on October 20, 1977, at Allied Metals, Inc. The district court rendered judgment in favor of plaintiff granting damages in the amount of $15,008.92 (consisting of $9,685.17 past due workmen's compensation benefits for 66 weeks, $1,452.75 penalty interest for 66 weeks, $3,500.00 attorney fees, $121.00 court costs, and $250.00 expert fees) plus $140.57 per week for the duration of petitioner's disability, and all medical bills and expenses incident thereto past, present and future. From that judgment, Allied Metals appealed alleging that petitioner was not injured on the job and that if petitioner was injured, it was not while working in the course and scope of his employment or alternatively, if he was injured on the job, petitioner failed to carry his burden of proof. We agree with the ruling of the trial court and affirm the judgment on appeal.
Mr. Gurry testified that on the day of the accident, David Freeman, a co-owner of Allied Metals and Mr. Gurry's brother-in-law, directed him to remove miscellaneous scrap metal from an area known as the rear yard. During the course of the work, claimant attempted to lift a 50-pound piece of scrap metal and felt a "pop" in his back. Gurry worked the rest of that day and continued to work over the next several weeks with increasingly severe back pain. Finally, on November 2, he found that it was impossible to get out of his automobile. Over the course of the next several months, he underwent conservative treatment and implantation of a T & S Nerve Stimulator. Three electromyograms indicate lumbar nerve root damage and a myelogram indicates a ruptured disc at the L4-5 level. It has been recommended that petitioner undergo a lumbar laminectomy.
Allied Metals, Inc. argues that petitioner failed to meet his burden of proving that he *872 sustained a work-related injury and that a non-work related accident may have caused his injury. The record does not disclose such a causative event occurring off the job. Additionally, this contention was only raised for the first time on appeal. David Freeman testified that he remembered ordering. Gurry to move the materials. Additionally, Sam Freeman, the other co-owner and Mr. Gurry's father-in-law, remembered talking to Gurry about the accident, although he cannot remember if that conversation occurred on the date of the accident. Sam Freeman's testimony is entirely consistent with petitioner's version of the accident.
Prior to the institution of the litigation, Allied Metals suddenly refused to pay petitioner's medical bills. Until this time, Allied Metals had been paying for the treatment rendered to claimant as a result of the accident. It was discovered that Allied Metals had dropped its workmen's compensation insurance some six months prior to the incident sued upon.
We recognize that plaintiff has the burden of showing by preponderance of the evidence that the accident and disability were work connected. Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1 (1963). However, the testimony of an employee alone may establish a work-related disabling accident where such testimony is corroborated by other credible evidence. Wright v. Red Ball Motor Freight, Inc., 315 So.2d 344 (La.App. 1st, 1975); Dragon v. Orleans Parish School Board, 347 So.2d 306 (La.App. 4th, 1977). We find that there is sufficient evidence in the record to support the conclusion of the trial judge. Accordingly, the judgment of the district court is affirmed.
AFFIRMED.