CURRAULT, Judge.
This is an appeal by defendants, Hotard’s Plumbing, Inc. and their workmen’s compensation carrier, The Travelers Insurance Company, from a judgment granting plaintiff, Robert F. Perry, permanent and total disability benefits.
Robert F. Perry, plaintiff, was employed by defendant, Hotard’s Plumbing, Inc., as an air conditioning repairman and installer from 1976 until 1980, with a rate of pay of $7.25 per hour. He is a 42 year old man with no special vocational skills or training other than on-the-job experience and who completed half a semester of the tenth grade. In February, 1980, plaintiff claimed to suffer an injury to his back while in the course and scope of his employment. After *1220 notifying his employer, he began medical treatment which has continued to date. Compensation was initially paid to plaintiff until July, 1980, at which time it was terminated. Upon refusal of defendants to continue benefits, suit was filed on July 30, 1980. The case came to trial on May 5, 1982, and in judgment rendered September 22, 1982, plaintiff was awarded compensation benefits in accordance with LSA-R.S. 23:1221(1) and (2) for temporary, total and/or permanent total disability at the rate of $148 per week plus all medical, surgical, medication and rehabilitation expenses in relation to the injury.
As a result of that judgment, defendants perfected this appeal.
Appellant presents the following assignment of errors for review:
I. that the trial judge erred in finding that plaintiff proved that he sustained an accident and injury within the course and scope of his employment; and
II. that the trial judge erred in finding that plaintiff was permanently and totally disabled.
In regard to the first error assigned by appellant, the law is clear that in a workmen’s compensation case the employee has the burden of proving that his injuries are the result of an accident which occurred in the course and scope of his employment. La.R.S. 23:1031. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). Appellant argues that plaintiff did not bear his burden and prove, more probable than not, that his back problems resulted from or were aggravated by an accident which occurred while he was working. We disagree.
The disability of the employee will be presumed to have resulted from employment if, prior to the accident, the employee was in good health; but, subsequent to the accident, symptoms of disabling condition appear and continuously manifest themselves. However, the presumption is rebut-table by sufficient contrary evidence. Field v. Winn Dixie Louisiana, Inc., 427 So.2d 616 (La.App. 5th Cir.1983). In this regard, an employee’s testimony is sufficient to establish that an accident occurred within the course and scope of the employment if the employee’s testimony is corroborated by other credible evidence. Irvine v. Sentry Insurance Co., 415 So.2d 467 (La.App. 1st Cir.1982); Gurry v. Allied Metals, Inc., 379 So.2d 871 (La.App. 4th Cir.1980). Furthermore, the employee's own testimony is to be accepted as true “at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony.” West v. Bayou Vista Manor, Inc., supra, at 1147.
Appellant complains that the testimony of appellee, Mr. Perry, regarding the date and manner of the injury was inconsistent and uncorroborated. The trial court ultimately determined that the injury occurred on February 11, 1980, after reviewing the employer’s first report of injury and listening to the testimony. A review of the record reveals that while appellee did offer several dates for the injury, the specific date was established by competent evidence. As appellant notes, in and of itself, these discrepancies in appellee’s testimony could be excused for any number of reasons. However, appellant urges that appel-lee’s testimony and statements as to the manner of the injury were also inconsistent, uncorroborated and contradictory.
The record reveals that appellee attributed his injury to one, or both, of two incidents that occurred on the date in question. The first incident involved a slip and fall while he was carrying an air conditioning unit to be installed in a customer’s house. The other incident occurred later in the day while crawling under the same house. As appellant notes, the record does reveal some variations in the description of how appellee was hurt. In testimony, he stated that while carrying the air conditioning unit with a helper he slipped and the unit fell on his knees. In deposition, he stated his helper slipped and the unit fell across his waist.
In describing the second incident, appel-lee stated in testimony that, while he was crawling under the house, he hit his back on a sewer stub. In deposition he claimed he *1221 struck his neck. Appellee’s helper and only witness to the events, Garland Powell, testified that while he did not recall the incident involving the air conditioning unit, he did recall appellee complaining that he hit his neck immediately after crawling out from under the house. Mr. Powell also stated that appellee had complained about his back some time during that day, but the record reflects his testimony in this regard was vague as to precisely when his complaints began. The record also reveals that appel-lee reported the injury to his employer and at that time, according to the report, attributed the injury to the slip and fall.
Appellee’s work history reveals that, pri- or to the date of the claimed injury, appel-lee was a reliable employee who rarely lost time from work. Subsequently, however, he sought medical treatment and was unable to return to work as was amply demonstrated by the medical evidence.
It is well established that the standard of review by the appellate courts on factual findings made by the trial court is limited to whether the fact finder was manifestly erroneous in its determination. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Field v. Winn Dixie Louisiana, Inc., supra. After considering all the evidence, it is our opinion that the trial court was not clearly wrong in finding that the appellee suffered an injury to his back while in the course and scope of his employment.
Appellant alleges, secondly, that appellee failed to prove that his injury constitutes a permanent and total disability within the meaning of the workmen’s compensation act. In order to obtain that status under the act, the plaintiff must prove that he is unemployable, whether or not in the same or similar occupation. LSA-R.S. 23:1221 (et seq.) Further, “A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability.” Wilson v. Ebasco Services, Inc., 393 So.2d 1248, 1251 (La.1981). The question of physical inability to work and inability to return to work due to substantial pain is one of fact and will not be disturbed unless the trial court’s findings are clearly wrong. Field, supra.
The evidence herein indicates that appellant suffers from a continuing deteriorating back problem which may or may not be alleviated by surgery in the future.
The incident in question occurred in February, 1980. From that date to the present, the medical evidence reveals that appellee’s complaints of back and neck pain, along with a loss of sensation in his right leg, have remained constant. Although appel-lee’s condition appeared to stabilize at certain times, by date of trial, it was continuing to deteriorate. The last medical opinion available before trial indicated that he was totally disabled, and that a CAT scan was recommended to determine whether a suspected herniated disc was present, and whether or not surgery was warranted.
Four physicians have been involved in appellee’s case: Dr. K.E. Matthews, a general surgeon who saw appellee three times in February, 1980; Dr. Raul G. Reyes, a surgeon who treated appellee from March, 1980 to September 1980; Dr. Ray Haddad, an orthopedic surgeon who examined appel-lee once in July, 1980; and Dr. Kenneth E. Vogel, a neurosurgeon who saw appellee July, 1980, May, 1981, and April, 1982. All four physicians found evidence of scoliosis, but more importantly noted that flexion and extension tests as well as other examinations revealed impaired sensation of the right leg as well as below normal movement ability. The degree of the limitation of movement varied only slightly from the date Dr. Matthews first examined appellee in February, 1980, to the last examination by Dr. Vogel in April, 1982. X-rays taken in February, 1980 reflected a narrowing of the space between the L5 and S-l. Although appellee was originally diagnosed as having a lumbosacral sprain, a herniated disc was not ruled out. During the entire two-year period, appellee was treated conservatively; however, as his condition failed to improve, the probability of a disc involvement became likely.
*1222 Dr. Ray Haddad, the expert upon whom appellant relies, indicated that X-rays revealed a marked narrowing of the lumbo-sacral joint with lateral osteophytis and facet involvement. While Dr. Haddad stated that he believed that Mr. Perry’s problems were the result of degenerative osteo-ar-thritis which had been present prior to the accident; he also stated an abnormal joint would not recover from trauma as easily as a normal one. Furthermore, even he stated in his report that a surgical fusion of the lumbosacral joint would be indicated if the pain persisted.
The medical testimony clearly supports a finding of a substantial disability particularly in light of the testimony of Susan L. Smith, appellee’s expert in occupational therapy upon whose testimony the trial judge placed great weight. Ms. Smith studied appellee in a functional performance situation wherein she actually viewed appellee perform various functions and noted his reactions as he did so. Her conclusion, based on her observations and his history, was that appellee was totally disabled and unable to work in any gainful employment due to substantial pain. We note that Mr. Melvin Meyers, a vocational rehabilitation expert, concluded otherwise. However, the trial judge is granted great discretion in this area. We do not find any reason to disagree that the greater weight was properly placed on Ms. Smith’s testimony as opposed to Mr. Meyers.
Appellant also directs this court to an automobile accident in which appellee was involved and which occurred in April, 1980, as a possible cause of appellant’s disability. However, just prior to the automobile accident, Dr. Reyes found no improvement in appellee’s condition and advised him not to return to work. The trial judge apparently believed, and we agree, that the evidence was insufficient to find that the accident was an intervening cause.
Finally, appellant refers the court to ap-pellee’s work experiences during the period subsequent to the injury and prior to trial as evidence of his ability to work gainfully. In particular, appellant notes that in an application for employment with Carrollton Central Systems, dated April 21, 1981, plaintiff stated that he had been previously injured, but advised that he was “alright now.” ■
Similarly, Mr. Alvin Landers, president of A. & R. Service Company, where plaintiff was employed from March to April, 1981, one month prior to the job with Carrollton, testified that the work plaintiff was doing for him as an air conditioning installer and repairman included lifting 50 to 75 pounds and considerable stooping and bending. However, the record reveals that Mr. Wise of Carrollton Refrigeration Systems also testified that appellee ultimately left his employ in April, 1981, because of chronic absenteeism, which was attributed by ap-pellee to the painful nature of the work and which was supported by Dr. Vogel’s testimony. In addition, the evidence is uncon-tradicted that in the month appellee worked for A. & R. Service Company, appellee was assisted by a helper who performed all the major lifting.
After our review of this issue, in light of all the evidence, we do not find that the trial court’s determination of total and permanent disability is manifestly erroneous. In conclusion, considering the record herein and the law, we hold that the trial court was not clearly wrong in finding that appel-lee suffered an employment related injury, nor did the trial court commit manifest error in concluding appellee is permanently and totally disabled within the meaning of the Louisiana Compensation Act. Therefore, the judgment of the trial court is hereby affirmed. All costs of this appeal are to be paid by appellant.
AFFIRMED.