535 So.2d 822 (1988)
John A. GONZALES, Plaintiff-Appellant,
v.
BABCO FARM, INC., et al., Defendant-Appellee.
No. 19810-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
Writ Denied November 28, 1988.
James H. Carter, Jr. and Patricia N. Miramon, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by George T. Allen, Jr., Shreveport, for defendant-appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, John A. Gonzales, appeals a trial court decision denying his claim for worker's compensation benefits. The trial court found that the plaintiff failed to prove by a preponderance of the evidence that he was injured on the job. For the following reasons, we affirm.

FACTS
The plaintiff is a horse groomer who has worked at this trade in various parts of the United States. In August, 1984, the plaintiff was employed by Babco Farm, Inc., in Bossier Parish, Louisiana. U.S. Fidelity Guaranty and Insurance Company is the worker's compensation insurer of Babco Farm. The plaintiff was employed as a horse groomer and was paid $285.00 per week. Plaintiff's duties at Babco Farm *823 included bathing and feeding horses and cleaning stalls.
The plaintiff claims that on April 15, 1985, he was attempting to move a bale of hay with a hay hook when the hook gave way and he fell against a cinder block wall, injuring his back. There were no witnesses to this alleged accident. Plaintiff did not report the accident to his employers at that time because he did not think it was serious.
However, plaintiff contends that the pain in his back did not abate and he began to have shooting pains in his hip and leg. On May 15, 1985, one month following the alleged accident, the plaintiff reported to his employer that he had been injured on the job. He consulted a chiropractor that day. When the plaintiff arrived for work the next day he was asked not to return to work without a release from his doctor. The defendant refused to pay the plaintiff's medical bills. The plaintiff did not return to work for the defendant but held a series of jobs on other horse farms. These jobs lasted only short periods of time. The plaintiff claims he was often forced to quit his subsequent jobs because his back pain prevented him from performing his duties as a horse groomer.
The plaintiff filed a claim for worker's compensation benefits. The Louisiana Office of Worker's Compensation recommended that the plaintiff receive medical benefits and $190 per week in worker's compensation benefits. This recommendation was rejected by the defendant.
On January 28, 1986, the plaintiff filed suit against the defendant, alleging that he was totally and permanently disabled and that he was entitled to $190 per week in worker's compensation benefits beginning May 16, 1985, plus interest, statutory penalties and attorney fees. The plaintiff also sought medical expenses.
At trial, the plaintiff admitted that he worked at a horse farm in New York in 1982, and that while so employed he fell from a truck and injured his lower back. The plaintiff claimed that this injury had completely healed. He denied that he had complained to his fellow employees at Babco Farm that he was still experiencing pain from this injury. He claimed that he only complained of back problems following the alleged injury on April 15, 1985. However, the defendant presented numerous witnesses who testified that the plaintiff frequently complained of back pain prior to the date of the alleged accident. These witnesses had suggested to the plaintiff that he should seek aid from the Horsemen's Protective Benevolent Association (HPBA), an organization that provides medical benefits for persons involved in the horse industry. In order to be entitled to these benefits through the HPBA, a person must be licensed through the racing commission. Plaintiff could not obtain a license from the Louisiana Racing Commission due to a previous license suspension. Therefore, he could not obtain benefits from the HPBA.
One of the plaintiff's employers testified that on May 15, 1985, the plaintiff asked him if worker's compensation would cover an on-the-job injury. Plaintiff was informed that worker's compensation insurance would cover such an injury. The plaintiff returned fifteen to twenty minutes later claiming to have been injured at work on April 15, 1985.
Following the trial, the trial court rendered judgment rejecting the plaintiff's claim. The trial court found that the plaintiff failed to prove by a preponderance of the evidence that a work related accident had indeed occurred. In written reasons for judgment the trial court found that the plaintiff was not a credible witness. The plaintiff appealed the trial court judgment.

BURDEN OF PROOF
The plaintiff-employee in a worker's compensation case has the burden of proving by a preponderance of the evidence that an accident occurred in the course and scope of his employment, that the accident caused his injury, and that the injury caused his disability. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320 (La.1985); Simpson v. S.S. Kresge Company, 389 So.2d 65 (La.1980); Aleman v. Lionel F. Favret Company, Inc., 349 So.2d 262 (La.1977); Guillory v. *824 New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963); Nash v. Ewing Timber, Inc., 431 So.2d 893 (La.App. 2d Cir.1983); Jones v. Alexander, 399 So.2d 216 (La.App. 2d Cir.1981), writ denied 400 So.2d 1383 (La.1981); Stevenson v. Bolton, Inc., 484 So.2d 678 (La.App. 1st Cir.1985), writ denied 489 So.2d 247 (La.1986); Young v. State Farm Fire & Casualty Company, 511 So.2d 15 (La.App. 3rd Cir. 1987); Savant v. Employer's National Insurance Company, 502 So.2d 176 (La.App. 3rd Cir.1987); Levine v. Brailey, 502 So.2d 154 (La.App. 3rd Cir.1987); Pounds v. Ecoff Trucking, Inc., 365 So.2d 934 (La. App. 4th Cir.1978); Ewell v. Schwegmann Giant Super Markets, 499 So.2d 1192 (La. App. 5th Cir.1986).
The testimony of a worker's compensation claimant alone may be enough to prove a work related accident if there is no other evidence sufficient to discredit or cast doubt upon the claimant's version of the accident and his testimony is corroborated by circumstances following the alleged accident. Robertson v. Scanio Produce and Institutional Foods, Inc., 449 So.2d 459 (La.1984); Jones v. Alexander, supra; Honore v. Ryder Truck Lines, Inc., 482 So.2d 739 (La.App. 1st Cir.1985), writ denied 485 So.2d 64 (La.1986); Young v. State Farm Fire and Casualty Company, 511 So.2d 15 (La.App. 3rd Cir.1987); Dugas v. Fontenot Motors, Inc., 510 So.2d 1374 (La.App. 3rd Cir.1987); Perry v. Hotard's Plumbing, 436 So.2d 1218 (La.App. 5th Cir.1983), writ denied 441 So.2d 1223 (La.1983).
If the evidence leaves the probabilities evenly balanced, or if the evidence shows only a possibility of a work related event or leaves the question open to speculation or conjecture, then the plaintiff-employee fails to carry his burden of proof. Guillory v. New Amsterdam Casualty Company, supra; Dunckleman v. T. Baker Smith & Sons, Inc., 447 So.2d 26 (La. App. 1st Cir.1984).
Whether the plaintiff-employee has carried his burden of proof and whether the plaintiff-employee's testimony is credible are questions of fact to be determined by the trier of fact. It is a fundamental rule of appellate review that a trial court's factual determinations will not be disturbed on appeal in the absence of a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262, writ denied 374 So.2d 660 (La.1979); Canter v. Koehring, 283 So.2d 716 (La. 1973); Ducote v. J.A. Jones Construction Company, 471 So.2d 704 (La.1985); Berry v. Livingston Roofing Company, 403 So. 2d 1247 (La.1981); Cadiere v. West Gibson Products, Inc., 364 So.2d 998 (La.1978); Aleman v. Lionel F. Favret Company, Inc., supra; Harris v. Halliburton, Inc., 501 So.2d 985 (La.App. 2d Cir.1987); Wall v. Sisters of Charity of the Incarnate Word, 488 So.2d 1032 (La.App. 2d Cir. 1986); Tucker v. Associated Grocers, Inc., 473 So.2d 328 (La.App. 1st Cir.1985), writ denied 477 So.2d 716 (La.1985); Clay v. Bituminous Casualty Company, 401 So. 2d 1257 (La.App. 1st Cir.1981), writ denied 409 So.2d 616 (La.1981); Young v. State Farm Fire & Casualty Company, supra; Levine v. Brailey, supra; Dugas v. Fontenot Motors, Inc., supra; Pounds v. Ecoff Trucking, Inc., supra; Ewell v. Schwegmann Super Markets, supra; Perry v. Hotard's Plumbing, supra.
In the present case, the only evidence before the court that the plaintiff suffered a work related accident and disabling injury on April 15, 1986 is the testimony of the plaintiff himself. As stated above, plaintiff's testimony could be sufficient to prove a work-related accident if corroborated by attending facts and circumstances and if the record were free of evidence which impeached his testimony. However, the facts of this case do not meet these two qualifying conditions.
The medical evidence does show that the plaintiff has a back problem. It does not show whether the problem was caused by a recent accident or was the result of the plaintiff's old injury which occurred in 1982.
Further, the plaintiff's testimony did not go undisputed at trial. The plaintiff asserted that he did not complain of back pain before the alleged 1985 accident.
*825 However, the defendant presented numerous witnesses who stated that the plaintiff frequently complained of back pain. On appeal, the plaintiff attempts to explain this discrepancy by claiming that, due to his lack of education, he did not understand the questions posed to him concerning complaints about back pain. Our review of the record does not support this claim by the plaintiff. In addition, the defendant pointed out that the plaintiff waited one month before reporting the alleged accident or going to a doctor. The defendant also showed that the plaintiff was ineligible for personal medical insurance through the HPBA and it was only after plaintiff made inquiries regarding the extent of the defendant's worker's compensation coverage that he reported to the defendant that he had been injured in a work related accident one month earlier. There was also testimony indicating that when the plaintiff originally informed his employer of the alleged accident he made inconsistent statements about the date of the injury and the manner in which it occurred.
The trial court was required to make a decision regarding the credibility of the plaintiff's testimony. Within the discretion afforded that court, the plaintiff's claim was rejected. After examining the record which reflects a lack of corroborating circumstances to support the plaintiff's claim and in view of the plaintiff's inconsistent testimony regarding his prior back injury and his complaints of pain related thereto, we do not find that the decision of the trial court was manifestly erroneous. Therefore, we affirm the decision of the trial court finding that the plaintiff failed to carry his burden of proving that he suffered an on-the-job injury in April, 1985.

CONCLUSION
For the above stated reasons, the decision of the trial court rejecting the worker's compensation claim of the plaintiff, John A. Gonzales, is affirmed, at his cost.
AFFIRMED.