hCANNELLA, Judge.
Plaintiff, Doris Cowart, appeals from a judgment dismissing her worker’s compensation claim against defendants, Magnolia School, Inc. and its insurer, Louisiana Workers’ Compensation Corporation (Magnolia). For the reasons which follow, we affirm.
Plaintiff was employed by Magnolia to work in the kitchen preparing and serving meals and cleaning up thereafter. On May 6, 1993, after nine years of employment with Magnolia, plaintiff injured her back in the course and scope of her employment when she fell backwards from a step ladder. She was approximately 57 years old at the time of the accident. Following the accident, she sought medical treatment from Dr. V.J. Ze-ringue, an orthopaedic surgeon. He had plaintiff undergo a cathoderaytube (CT) scan (because of her claustrophobic feelings about an MRI). The CT scan 1?,revealed that plaintiff had a probable disc herniation at the L4-5 level and a bulging disc at the L5-S1 level. Dr. Zeringue chose to treat plaintiff conservatively, recommending that she wear a lumbar corset and take muscle relaxants. In December of 1993, Dr. Zeringue felt that plaintiff had reached maximum medical improvement and approved her returning to light duty work, with no lifting of over 15 pounds. Dr. Zeringue had also approved plaintiffs pre-injury job analysis. Magnolia thereupon terminated the worker’s compensation payments. Plaintiff was compensated for temporary total disability from the date of the accident until December 16, 1993. When the benefits were terminated, plaintiff filed the instant claim.
Plaintiff contends that she is entitled to either temporary total disability benefits or supplemental earnings benefits because she is incapable of performing a job earning 90% or more of her pre-injury wages.
Magnolia argued, to the contrary, that plaintiff was not disabled and was capable of performing the job she had performed prior to the injury. Further, defendant argued that, in the event plaintiff had restrictions on her activities, they were willing to modify the job in any way necessary to accommodate her or to assign her to a different position. Therefore, she did not meet her burden of proving that she could not perform a job earning 90% or her pre-injury wages.
The hearing was held on May 30, 1996 before a hearing officer of the Office of Workers’ Compensation. On June 14, 1996, judgment was rendered in favor of Magnolia finding that plaintiff failed to carry her burden of proving that she is unable to work because of her injury. It is from this judgment that plaintiff appeals.
|4On appeal plaintiff argues that the hearing officer erred in holding that the evidence did not establish that she is disabled at least to the extent of being entitled to supplemental earnings benefits.
Defendant argues that the record amply supports the trial court ruling. Plaintiff was released by her treating physician to return to her pre-injury job with the limitation that she not lift any thing over 15 pounds. Further, defense witnesses testified that Magnolia was willing to modify the job in any manner necessary for plaintiff to be able to return to work. Therefore, Magnolia argues that the record supports the hearing officer’s finding that plaintiff did not meet her burden of proof in this case.
The employee in a workers’ compensation case has the burden of proving that an accident occurred in the course and *106 scope of his employment, that the accident caused his injury, and that the injury caused his disability. Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320 (La.1985); Gonzales v. Babco Farm, Inc., 535 So.2d 822 (La.App. 2nd Cir.1988), writs denied, 536 So.2d 1200 (La.1988). If the claimant proves that he cannot return to work due to work related injuries, then the burden shifts to the employer to prove that there are jobs available within the employee’s capabilities.
The appropriate standard for appellate review in workers’ compensation cases is the “manifest error — clearly wrong” standard. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706.
Applying these precepts to the case before us, we find that the record supports the ruling by the hearing officer that plaintiff did not meet her burden of proof in establishing that she was unable to return to a job earning |s90% of her pre-injury wages. Dr. Zeringue, plaintiffs treating physician, released plaintiff after about 8 months of treatment to return to light duty work. He was also presented with a job analysis prepared by the vocational rehabilitation specialist, Crystal Younger, describing the work which plaintiff had performed prior to her injury and he approved it with only the restriction that she not lift over 15 pounds. When questioned about specifics regarding the job, like whether she could climb a ladder or stand for 67% to 100% of her work day, he conceded that these activities might give her problems. However, he added that if Mag-noha was willing to provide plaintiff with a stool for some of her activities, then the job would be within her limitations.
Testimony presented by the defense established that Magnolia had several employees who could not lift over 15 pounds and that there were other employees available who could do the heavy lifting or climb on a ladder to reach things if necessary. Ms. Lanius, the food service director, testified that Magnolia would gladly provide plaintiff with a chair so that she could sit when necessary. It was Magnolia’s position that they would modify the job in any manner necessary to accommodate plaintiffs return to work. The Magnolia school is a school for the disabled and it is their purpose to accommodate and find jobs for the handicapped so that they are able to work.
Plaintiff in brief contends that she was never directly offered her job back or informed that modifications would be made to accommodate her problems. This is not borne out by the record. “The record indicates that Ms. Lanius contacted plaintiff by letter inquiring whether plaintiff intended to return to work. A job analysis approved by her physician for her return to worked was sent to her attorney.” Plaintiff herself testified that she knew the job was available and she did not [¡¡call the school. Further, Ms. Lanius testified that she did not communicate with plaintiff further regarding the position because she knew that plaintiff was subsequently permanently disabled because of hypertension or high blood pressure.
Based on our review of the record, we find no support for plaintiffs argument that the hearing officer’s decision was manifestly erroneous, where he found that plaintiff had not established that she was incapable, because of her work related injury, of returning to work or at least returning to a position that would pay at least 90% of her pre-injury wages.
Accordingly, for the reasons set out above, the decision of the Office of Workers’ Compensation against plaintiff and in favor of defendants is affirmed. Costs of appeal are assessed against plaintiff.

AFFIRMED.

REHEARING GRANTED FOR THE SOLE PURPOSE OF CORRECTING A FACTUAL ERROR.
In plaintiffs rehearing application, plaintiff points out that the opinion erroneously states that plaintiff was sent a copy of the job analysis, approved by her physician, for her return to work. In fact the job analysis with her physician’s approval was not sent to plaintiff, but rather was sent to her attorney. While we have determined that this misstatement does not effect the outcome of the case, for accuracy, we revise the original *107 opinion as follows. [Editor’s note: Revision incorporated for publication purposes.]