# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1021

DAVID BAILEY

VERSUS

AECOM

********** 

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT # 2
PARISH OF RAPIDES, NO. 06-07889
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

George A. Flournoy
Flournoy, Doggett & Losavio
P. O. Box 1270
Alexandria, LA 71309-1270
Counsel for Claimant/Appellant:
    David Bailey

James J. Hautot, Jr.
Judice & Adley
P. O. Drawer 51769
Lafayette, LA 70503
Counsel for Defendant/Appellee:
    AECOM

**Pickett, J.**

The claimant, David Bailey, appeals a judgment of the trial court denying his claim for workers' compensation benefits. We affirm the judgment of the workers' compensation judge.

## ISSUE IN DISPUTE

The linchpin of this case is whether the claimant sustained an on-the-job injury to his back in an unwitnessed accident at Ft. Polk. The claimant's first problem is that the record reveals that the claimant was inconsistent in his allegations. He claims, in his appellate brief, he sustained an on-the-job injury on August 24, 2006. However, on the WC-1008 he filed on November 17, 2006, he reported the date of the accident/injury as September 6, 2006. In his trial testimony, he once again claimed his accident was on August 24, 2006.

## LAW AND FACTS

The claimant claims that he injured his back near lunch-time on the morning of August 24, 2006, while lifting an eighty-pound roll of roofing felt out the back of a truck at a job site on Ft. Polk. He testified that he immediately told a co-worker, with whom he was working at the time, Timothy Pelt, of the accident, then called his supervisor, Kenny Hatchett, and reported that he had injured his back. The claimant stated that Mr. Hatchett told him to go get something to eat and to see if he felt better after lunch. The claimant went to Burger King and got a Coke and then went home. He stated that he went to see Dr. Natalie Phillips, his family physician, the next day.

Timothy Pelt testified that he neither witnessed an accident involving the claimant, nor did the claimant tell him that he sustained an accident at work. Furthermore, Mr. Pelt, who keeps a journal of his work assignments, denies working

1

with the claimant on the alleged day of the accident (August 24, 2006). Mr. Pelt did remember the claimant complaining of back pain "pretty often," but stated the claimant never related the back pain to an on-the-job injury. Furthermore, Mr. Pelt could not place any particular time frame to the claimant's complaints of back pain. Mr. Pelt did remember the claimant talking about an automobile accident in Alexandria, but, once again, Mr. Pelt could not remember the time frame involving that accident.

Kenneth Hatchett, the claimant's supervisor, testified that the claimant never reported an on-the-job injury to him and that if the claimant would have done so, he (Hatchett) would have instituted a report of injury form detailing the events of any alleged accident.

While Dr. Phillips' office records substantiate the claimant's visit of August 25, 2006, they contain no mention any complaint by the claimant of any on-the-job accident the previous day. The claimant's chief complaints on the visit were diarrhea of two-three weeks duration, nausea and vomiting daily, weight loss, insomnia and back pain. The records also document a family history of neurofibromatosis, and it appears that the claimant has "café au lait" spots.

The claimant argues that his exhibit #21, Dr. Phillips' referral letter to Louisiana State University Medical Center-Shreveport (LSUMC-S), supports his claim in that in her letter Dr. Phillips stated: "He initially presented on 08/25/06 with this complaint [(low back pain)]." Attached to claimant's exhibit #21 is his exhibit #20, the actual referral form to LSUMC-S, which states that Dr. Phillips suspects that the claimant is suffering from "*Chronic low back pain*." Neither the referral letter nor

2

the referral form mention a work-related accident in connection with the claimant's complaint.

The claimant's records from LSUMC-S state that the claimant "reports 4 wheeler accident 5 years ago and also blunt trauma to the tailbone when he was a child." The records report the location of the claimant's symptoms as being in his "Coccyx, Lumbar region of back, [and] sacrum." Further, the records state: "Problem is chronic, patient stated the symptom was similar to before."

The first documented report of an on-the-job injury appears in the records of Dr. Clark Gunderson who examined the claimant on referral from the claimant's attorney on November 30, 2006.

The standard for reviewing a workers' compensation judge's (WCJ) decision was recently reviewed by this court in *Butterfield v. Turner Industries*, 06-1098. pp. 3-4 (La.App. 3 Cir. 2/7/07), 951 So.2d 476, 479, *writ denied*, 07-507 (La. 4/27/07), 955 So.2d 692:

> In *Dean v. Southmark Const.*, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the supreme court stated:
>
> > In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not

3

reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

This court, in *Monceaux v. R & R Const., Inc.*, 05-533, p. 6 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, 799-800, *writs denied*, 06-585 (La.5/5/06), 927 So.2d 325, 06-636 (La.5/5/06), 927 So.2d 317, noted the following:

> The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:
>
>> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation*,§ 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, *supra*; *Nelson v. [Roadway Express, Inc.*, 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West, supra.*
>
> In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). **The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof**

4

**are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.** *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

(emphasis added.)

Therefore, the standard of review in this case is clearly wrong/manifest error.

Considering the record as a whole, and especially the discrepancy in the claimant's testimony, the lack of support of his allegation of an on-the-job accident and injury by (1) his co-workers, (2) the medical records from his treating physician and (3) the medical records from LSUMC-S, we cannot say the WCJ was clearly wrong in finding that the claimant failed to meet his burden to prove a work-related injury by a preponderance of the evidence.

Accordingly, for the reasons stated, the judgment of the workers' compensation judge is affirmed. All costs of this appeal are assessed to the appellant, David Bailey.

**AFFIRMED.**