# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-1384


KEITH SMITH

VERSUS

BOISE CASCADE, LLC


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT # 3
PARISH OF CALCASIEU, NO. 07-09224
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**AFFIRMED.**



**Jeffrey M. Cole**
**Plauche, Smith & Nieset**
**P.O. Drawer 1705**
**Lake Charles, LA 70602**
**Counsel for Defendant/Appellee:**
    **Boise Cascade, L.L.C.**

**John E. Brown**
**Attorney at Law**
**P. O. Box 1359**
**Lake Charles, LA 70602**
**Counsel for Claimant/Appellant:**
    **Keith Smith**

**PICKETT, J.**

The claimant, Keith Smith, appeals a decision by a Workers' Compensation Judge (WCJ) dismissing his claim for weekly benefits and medical care. We affirm the decision of the WCJ.

**FACTS**

The claimant, Keith Smith, began working for the defendant, Boise Cascade, May 3, 1999. Todd Carlock, the Boise Emergency Medical Technician (EMT), testified, in deposition, that on June 19, 2007, Mr. Smith came to him and told him he wanted to go home to see his doctor because he was having stomach pains. Mr. Carlock stated that Mr. Smith neither mentioned having back pain nor reported any incident at work causing his back to just "seize up." Subsequently, Mr. Smith applied for short-term disability. He filled out a short term disability claim form on July 6, 2007. On that form, Mr. Smith indicated his last day of work was June 19, 2007; that he left work because of an "illness;" and that, at the time, he had "chest pain and pressure and severe back pain." The doctor's portion of the form, which was filled out by Dr. Ariel Ton, noted that in January 2006, Mr. Smith consulted her for "acute back pain" of unknown origin. Mr. Smith also applied for short term disability benefits at that time. The 2006 disability claim form indicates that Mr. Smith's disability was not due to his employment. On the current disability claim form, Dr. Ton did not attribute Mr. Smith's 2007 symptoms to any work injury, rather she noted that X-rays showed "degenerative changes at L5-S1—possible disc degenerative change/herniation of nucleus pulposus."

Mr. Carlock testified that during 2006 and through July 2007, the claimant, Mr. Smith, neither reported an on the job injury nor did he file for workers' compensation

2

benefits. It was not until his short-term disability benefits were about to expire, that Mr. Smith filed for workers' compensation benefits.

## LAW AND DISCUSSION

On appeal, the claimant seeks review by this court of a decision by a Workers' Compensation Judge (WCJ) finding that he failed to prove he sustained his burden of proving he was involved in an on-the-job accident resulting in a disabling injury.

In *Dean v. Southmark Construction*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117, the supreme court discussed the standard of review in workers' compensation cases:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore*, Inc., 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

Recently, this court addressed a claimant's burden in proving the he/she suffered a work-related accident:

> In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment."

3

La.R.S. 23:1031(A). An "accident" is defined as an "unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).

The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:

> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers' Compensation,§ 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, *supra*; *Nelson v. [Roadway Express, Inc.*, 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West, supra*.

In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, *absent "circumstances casting suspicion on the reliability of this testimony." West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

As stated in *Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989) (citations omitted):

> When findings are based on determinations regarding the credibility of witnesses, the manifest error--clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so

> contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

> *Bigge v. The Lemoine Co.*, 04-1191, pp. 2-4 (La.App. 3 Cir. 3/2/05), 896 So.2d 269, 271-72.

*Monceaux v. R & R Const., Inc.*, 05-533, pp. 5-7 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, 798-801 (emphasis ours), *writs denied*, 06-585 (La. 5/5/06), 927 So.2d 325, 06-636 (La. 5/5/06), 927 So.2d 317.

On his first visit to Dr. Ton on June 19, 2007, Mr. Smith complained of pressure in his chest which was occasionally accompanied by sharp pain, nausea, and diarrhea. Although Mr. Smith complained of back pain to Dr. Ton on his June 28, 2007 visit, and stated that the pain had been present for that last one to two weeks, he did not relate the back pain to an accident at work; nor did he relate the back pain to work accident on his visits on July 10, July 19, August 2, or October 12, 2007. By the August visit, Dr. Ton had concluded that Mr. Smith was suffering from chronic lower back pain and she referred him to Dr. Troy M. Vaughn, a neurosurgeon. Dr. Vaughn ordered a discogram which he found normal, concluded that Mr. Smith was not a candidate for surgery, and recommended supportive treatment. He opined that Mr. Smith would reach maximum medical improvement in approximately six months.

In her oral reasons for judgment the WCJ stated:

> Mr. Smith was quite talkative and was able to explain work duties, etc. He testified that on the date at issue his job was a seventh hand. At trial, he testified he was driving a Bobcat and at some point during the course of the day as he got off the Bobcat he felt a severe, sharp pain in his

5

back. He testified his back/chest started hurting. He told his foreman he was hurting and he was going home.

. . .

[T]he court finds that Mr. Smith doesn't actually know what happened to his back. He had never reported a work accident; in fact, he selected short-term disability benefits and when they ran out, he then filed a workers' compensation claim. Mr. Smith wants the Court to believe his view of the accident was confusing enough that his inconsistent testimony is believable; however, there are too many inconsistencies. He wants the Court to believe he received no orientation on workers' compensation cases and he did not understand how to report an accident, but what is most telling is his trial testimony that he was hurt while exiting the Bobcat but other evidence shows he was hurt while pushing heavy carts. Mr. Smith's testimony alone discredits or casts serious doubt on his version of the worker's compensation incident. Further, the alleged incident, he did not mention a work incident either to a supervisor or to the on site nurse; in fact, [he] did [. . .] not mention a work incident to his physician.

Mr. Richard Franklin, who was Mr. Smith's shift supervisor, testified that Mr. Smith made no report of an accident to him on June 19, 2007. He further stated that Mr. Smith did not complain of back pain at that time nor any time the previous year.

In sum, the WCJ was presented, on one hand, with Mr. Smith's inconsistent versions of his alleged accident, the facts that he failed to report an accident to anyone at Boise Cascade or to any of his physicians consulted through 2007, and that he applied for short term disability benefits immediately following his ceasing to work. On the other hand the WCJ heard that Mr. Smith started complaining of low back pain on June 28, 2007, and that some doctors, consulted after suit was filed, concluded that Mr. Smith had suffered a work related injury on June 19, 2007 (i.e., Dr. Erich W. Wolf, II).

Considering the record as a whole, especially the conflicting testimony and evidence, and the standard of review—i.e. that "the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the

6

record viewed in its entirety" [*Monceaux* 919 So.2d at 799], we cannot say the WCJ clearly erred in this case.

Accordingly, for the reasons stated, the decision of the Workers' Compensation Judge is affirmed. Costs of this appeal are assessed to the appellant, Keith Smith.

**AFFIRMED.**