STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1022

VINEY J. SILAS

VERSUS

SOWELA TECHNICAL COLLEGE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 3
PARISH OF CALCASIEU, NO. 09-07578
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED AND RENDERED.**

**Marcus Miller Zimmerman**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Viney J. Silas**

**Anthony Paul Palermo**
**Nicholas R. Bursavich**
**Breazeale, Sachse & Wilson, L.L.P.**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Sowela Technical College**

**Ezell, Judge.**

Sowela Technical College (Sowela) appeals the decision of the workers' compensation judge finding that Viney J. Silas suffered a workplace accident that required the payment of disability benefits. Sowela also appeals the awards of penalties and attorney fees for the failure to pay those benefits. Ms. Silas has answered the appeal, seeking additional attorney fees for work done on appeal. For the following reasons, we affirm the decision of the workers' compensation judge.

Ms. Silas was employed by Sowela as a clinical nursing instructor on December 10, 2008, when she alleges she injured her knee pushing a large box of books. She continued work that day, but saw her primary care physician the next day for the pain. She continued to work until the Christmas holidays because the school was a nurse short. However, Ms. Silas claims she told her human resources manager and Sowela's chancellor of the accident. This was not contradicted by Sowela. Her knee continued to get worse until her last day of work, January 4, 2009. She was referred to Dr. Geoffrey Collins, an orthopedic surgeon, who performed an arthroscopic procedure on her on January 27, 2009. He found that Ms. Silas had osteoarthritis, but with pain exceeding the expectations of that diagnosis. When this surgery did not help, Ms. Silas could not return to work. She was terminated on May 4, 2009. Dr. Collins later performed a partial knee replacement on May 13, 2009, which also did not alleviate the pain. Ms. Silas eventually filed this current claim for workers' compensation in October, 2009. Subsequently, Ms. Silas had a complete knee replacement on February 23, 2010, performed by Dr. Vasilios Matthews. After that surgery, she was able to return to a similar position teaching, but only in a part-time manner.

The workers' compensation judge found that Ms. Silas suffered a workplace accident, awarded temporary total disability benefits from January 4, 2009, until

April 14, 2010, when Ms. Silas returned to part-time work. He awarded supplemental earnings benefits (SEB) thereafter. The workers' compensation judge also awarded Ms. Silas $4,000.00 in penalties for Sowela's failure to timely pay benefits and $12,600.00 in attorney fees. From that decision, Sowela appeals.

Sowela asserts three assignments of error on appeal. It claims the workers' compensation judge erred in finding an injury resulted from a workplace accident; in awarding Ms. Silas SEB; and in awarding penalties and attorney fees against it. Ms. Silas answers, seeking additional attorney fees for work done on appeal.

The standard for reviewing a workers' compensation judge's decision was discussed by this court in *Butterfield v. Turner Industries,* 06-1098, pp. 3-4 (La.App. 3 Cir. 2/7/07), 951 So.2d 476, 479, *writ denied,* 07-507 (La. 4/27/07), 955 So.2d 692 (alteration in original):

> In *Dean v. Southmark Const.,* 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the supreme court stated:
>
>> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.,* 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite,* 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander,* 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.,* 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson,* 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.,* 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.,* 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

This court, in *Monceaux v. R & R Const., Inc.,* 05-533, p. 6 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, 799-800, *writs denied,* 06-585 (La.5/5/06), 927 So.2d 325, 06-636 (La.5/5/06), 927 So.2d 317, noted the following:

> The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.,* 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:
>
> > A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.,* 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation,* § 253 (2d Ed. 1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, *supra*; *Nelson v. [Roadway Express, Inc.,* 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West, supra.*
>
> In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West,* 371 So.2d at 1147; *Holiday v. Borden Chemical,* 508 So.2d 1381, 1383 (La.1987). **The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.** *Gonzales v. Babco Farm, Inc.,* 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied,* 536 So.2d 1200 (La.1988) (collecting cases).

While Ms. Silas' accident was unwitnessed, her testimony regarding the accident and how it occurred was not contradicted in any way by Sowela. As noted by the workers' compensation judge in his reasons for judgment, Ms. Silas stated she told her boss and human resources director about the accident. Sowela failed to depose them or call them as witnesses to rebut this claim. Furthermore,

other than her near absent history to Dr. Collins, her medical records note that she told her other health care providers that she suffered a work injury on or around October 10, 2008, as she claims in this dispute. Finally, Dr. Collins noted that, while she did have osteoarthritis, that it could have been aggravated by an accident as described by Ms. Silas. After reviewing the record before this court, we are unable to find evidence that the workers' compensation judge's finding that Ms. Silas suffered a workplace injury is clearly erroneous.

Sowela next claims that the workers' compensation judge erred in in awarding Ms. Silas SEB after she was able to return to part-time work.

> "The purpose of [SEBs] is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident." *Banks v. Industrial Roofing & Sheet Metal Works, Inc.,* 96-2840 (La.7/1/97), 696 So.2d 551, 556. An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. *Banks, supra* at 556. "In determining if an injured employee has made out a prima facie case of entitlement to [SEBs], the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage." *Daigle v. Sherwin-Williams Co.,* 545 So.2d 1005, 1009 (La.1989) (quoting *Gaspard v. St. Paul Fire and Marine Ins. Co.,* 483 So.2d 1037, 1039 (La.App. 3 Cir.1985)). It is only when the employee overcomes this initial step that the burden shifts to the employer to prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employee's community or reasonable geographic location. La. R.S. 23:1221(3)(c)(i); *Banks, supra* at 556; *Daigle, supra* at 1009.

*Poissenot v. St. Bernard Parish Sheriff's Office*, 09-2793, pp. 4-5 (La. 1/9/11), 56 So.3d 170, 174 (alterations in original)(footnote omitted). "In determining whether a [workers' compensation judge's] finding that an employee has met his initial burden of proving entitlement to SEBs is manifestly erroneous, a reviewing court must examine the record for ***all*** evidence that bears upon the

employee's inability to earn 90% or more of his pre-injury wages." *Seal v. Gaylord Container Corp.,* 97-688, p.8 (La. 12/2/97), 704 So.2d 1161, 1166.

Here, Ms. Silas testified that due to the need for quick responses, abrupt movements, and constant bending and stooping, she would be unable to return to full- time work. This, again, was uncontradicted. While Dr. Collins encouraged her to return to work when her job was being threatened, he returned her only to light duty. And, this action was taken a few brief weeks before he performed a partial knee replacement on Ms. Silas. Dr. Matthews did not release her to full work. While her job title may be similar to that which she held at Sowela, it is clear from the record that Ms. Silas was not able to work full time and that the workers' compensation judge was not manifestly erroneous in finding that she was unable to earn ninety percent of her pre-accident wages.

Finally, Sowela claims the workers' compensation judge erred in awarding Ms. Silas penalties and attorney fees for its failure to pay her indemnity benefits. "The applicable standard of review in determining whether a defendant should be cast with penalties and attorney fees is the manifest error-clearly wrong standard." *Bennett v. Pilgrim's Pride,* 07-753, p. 10 (La.App. 3 Cir. 12/12/07), 972 So.2d 423, 429, *writ denied,* 08-103 (La. 3/7/08), 977 So.2d 907. In *Brown v. Texas-LA Cartage, Inc.,* 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890, the supreme court stated:

> [T]o determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

The workers' compensation judge found that Sowela was aware of Ms. Silas' injury soon after it occurred based on her undisputed testimony, yet Sowela

did little to nothing in the way of either treatment or investigation of her claim over the next nine months until she filed her claim. Sowela simply let her exhaust her accumulated leave until it ran out, then fired her with no evidence her claims were false or exaggerated. Thereafter, Sowela seems to have solely relied on Ms. Silas' arthritis to counter her claims. The law is clear that where an employer "fails to properly investigate a claim, it subjects itself to penalties and attorney fees." *Guillory v. Bofinger's Tree Serv.,* 06-86, p. 15 (La.App. 1 Cir. 11/3/06), 950 So.2d 682, 692. Again, while she did have pre-existing osteoarthritis, Dr. Collins testified that an accident such as hers could aggravate/precipitate the pain she suffered. The record before this court is devoid of any medical evidence that suggests Ms. Silas' arthritis alone reasonably controverts her claim. Moreover, there is no evidence the workers' compensation judge's awards of penalties and attorney fees were manifestly erroneous. We note that Ms. Silas has answered this appeal seeking additional fees for work done on appeal. Considering our decision affirming the workers' compensation judgment, Ms. Silas is entitled to additional attorney fees for work done on appeal, and same will be awarded.

For the above reasons, the ruling of the workers' compensation judge is hereby affirmed. Ms. Silas is awarded additional attorney fees of $2,000.00 for work performed on this appeal.

**AFFIRMED AND RENDERED.**